**TEXAS DEPARTMENT OF PUBLIC SAFETY, Petitioner,**

v.

**Noel Allen McLENDON, Jr., Respondent.**

No. 99–0268.

Supreme Court of Texas.

Sept. 14, 2000.

Jason D. Ray, Valerie Fulmer, Texas Dept. of Public Safety, Austin, Tim Curry, Crim. Dist. Atty., John Cornyn, Atty. Gen., Andy Taylor, Jeffrey S. Boyd, Gregory S. Coleman, Office of the Attorney General of Texas, Austin, for Petitioner.

David R. Sweat, Arlington, for Respondent.

PER CURIAM.

In this concealed-handgun licensing case, the Texas Department of Public Safety appeals from the court of appeals' judgment that Noel Allen McLendon, Jr., is eligible for a license to carry a concealed handgun. Because of our recent holding in *Tune v. Texas Department of Public Safety*, 23 S.W.3d 358 (Tex.2000), we reverse the court of appeals' judgment and render judgment that McLendon is not eligible for a license.

McLendon pled guilty to a felony charge in 1969 and was sentenced to five years' confinement in the custody of the Texas Department of Corrections. That sentence was suspended and McLendon was placed on probation for five years. In

1974, after McLendon completed probation, the district court discharged him from probation, granted him a new trial, and dismissed the case against him.

In 1996, McLendon applied to DPS for a license to carry a concealed handgun under the Concealed Handgun Act. *See* TEX. GOV'T CODE §§ 411.171–.208. DPS denied his application because of his prior felony conviction. McLendon requested a hearing before a justice of the peace to contest the denial. The justice of the peace reversed DPS's decision. Thereafter, DPS appealed to the county court at law, which affirmed DPS's initial determination and denied McLendon a license.

McLendon sought review of the county court's decision in the court of appeals, which concluded that McLendon was eligible for a concealed-handgun license and reversed the county court's ruling. *See* 985 S.W.2d 571, 581. DPS then petitioned this Court. Although this case originated in the justice court, we have jurisdiction because it involves the construction of a statute. *See* TEX. GOV'T CODE § 22.225(b)(1).

The Concealed Handgun Act states that a person who has been convicted of a felony is ineligible for a concealed-handgun license. *See* TEX. GOV'T CODE § 411.172(a)(3). The Act considers a person "convicted" if there has been an adjudication of guilt or an order of deferred adjudication entered against that person, whether or not the sentence is subsequently probated and the person is discharged from community supervision. *See id.* § 411.171(4). In *Tune*, we held that this language applies to a person who has been discharged from probation and has had the indictment against him dismissed. *See* 23 S.W.3d 358, 363 (Tex.2000).

McLendon argues that the district court's order, which dismissed the case after granting him a new trial, returned him to pre-conviction status and thus distinguishes his case from *Tune*. But this is a difference without distinction. For the purposes of the Act, an order of deferred adjudication is not voided by a subsequent dismissal of the case upon completion of probation. The trial court's order simply discharged McLendon from probation once he had completed his term and thus had the same effect as the dismissal of the indictment in *Tune*, leaving McLendon in the same position as Tune under the Handgun Act.

Accordingly, McLendon remains a person who has been convicted of a felony for purposes of the Handgun Act and is not eligible for a concealed-handgun license. Therefore, without hearing oral argument, we reverse the court of appeals' judgment and render judgment for DPS. *See* TEX. R.APP. P. 59.1.