**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jakie Lee STANLEY, Appellee.**

No. 2–99–381–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 12, 2000.

Publication Ordered Nov. 22, 2000.

Louis Beaty, Jason Ray, Austin, for Appellant.

Jakie Lee Stanley, Fort Worth, for Appellee.

PANEL B: DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

DAY, Justice.

The trial court ruled that the Texas Department of Public Safety ("DPS") could not deny Jakie Lee Stanley's renewal of his concealed handgun license due to a prior conviction. The trial court found that the DPS provided no evidence that Stanley was the same person named in the prior conviction. We reverse and render.

## I. BACKGROUND

In 1964, Stanley was convicted of a felony and sentenced to one year's probation. After the probation was completed, an order was issued that set aside the conviction and released Stanley from all penalties and disability resulting from the conviction.

Thirty-four years later Stanley attempted to renew his concealed handgun license with the DPS. After a background check the DPS denied Stanley's application on the ground that he was "convicted" under the meaning of section 411.171(4) of the

government code and therefore ineligible for a license. Tex.Gov't Code Ann. §§ 411.171(4), 411.172(a)(3) (Vernon Supp. 2000). Stanley appealed to the justice of the peace court, which ruled against the DPS and ordered the DPS to process Stanley's application. The DPS then appealed to the county court at law, where the court ruled that the DPS did not prove Stanley's prior conviction by a preponderance of the evidence because there was no evidence Stanley was the same person named in the 1964 conviction.

## II. IDENTITY FOR PRIOR CONVICTION

■ The DPS argues that there is no evidence to support the trial court's finding that Stanley is not the same person as the person named in the 1964 conviction. If an appellant is attacking the legal sufficiency of an adverse answer to an issue on which it had the burden of proof, the appellant must overcome two hurdles. *See Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 940 (Tex.1991). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *See id.; Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

### A. Discussion

■ In making the challenged finding, the court relied on the fact that the State did not offer the prior judgment or sentence as proof of the prior conviction. There are no exclusive manners of proving a defendant's prior convictions. *See Littles v. State*, 726 S.W.2d 26, 32 (Tex.Crim. App.1984). However, one method of proving prior convictions is by the party's judicial admission. *See Beck v. State*, 719 S.W.2d 205, 210 (Tex.Crim.App.1986). Statements made by counsel in a hearing on behalf of his client can be considered the client's judicial admissions. *See McLendon v. Texas Dep't of Pub. Safety*, 985 S.W.2d 571, 574 (Tex.App.—Waco 1998), rev'd on other grounds, 35 S.W.3d 632 (2000). Judicial admissions definitively establish the facts stated and discharge the opposing party of the burden of presenting evidence on the admitted facts. *See id.* at 575.

■ Here, the record reflects the following exchange between the court and Stanley:

[Court]: ... What do you have to offer? What document do you have to offer?

[Stanley]: I have only one, sir. And this is an article setting aside the judgment of conviction discharging the Defendant from probation.

In this case, by offering the discharge from conviction as evidence, Stanley himself admitted during the hearing that he was the person named in the order setting aside his conviction. Therefore, we hold that Stanley judicially admitted that he was the same person named in the 1964 felony conviction, relieving the State of its burden on that issue. Thus, Stanley's prior conviction was established as a matter of law by his judicial admission, and the county court erred in concluding that this matter had not been proved. We sustain the DPS's issue.

### III. CONCLUSION

Having sustained the DPS's issue, we reverse the judgment of the county court at law and render judgment upholding the DPS's denial of Stanley's renewal application for a concealed handgun license.