**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Thomas Junior RANDLE, Appellee.**

**No. 01–99–00776–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 2, 2000.

Louis Arthur Beaty, Austin, Michael P. Fleming, Leslie Ruthe Johnson, Houston, for Appellant.

John Zavitsanos, Houston, for Appellee.

Panel consists of Justices MIRABAL, TAFT, and DUGGAN.*

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

MARGARET GARNER MIRABAL, Justice.

The Texas Department of Public Safety (DPS) appeals the trial court's determination that Thomas Junior Randle is eligible for a concealed handgun license under the "Concealed Handgun Act." TEX.GOV'T CODE ANN. §§ 411.171–411.208 (Vernon 1998 & Supp.2000). We reverse.

### Case Background

The facts are undisputed. On May 20, 1992, Randle pled guilty to the offense of tampering with manufacturer's identification, which was then classified as a felony. The trial court accepted the plea, deferred an adjudication of guilt, and placed Randle on probation (now community supervision) for three years, plus a $500 fine, pursuant to article 42.12, section 5a, of the Code of Criminal Procedure. In 1994, after Randle successfully completed a portion of his probation, the trial court allowed Randle to withdraw his plea, and dismissed the charges against him.

A few years later, Randle applied for a concealed handgun license with the DPS. When Randle applied, the offense of tampering with manufacturer's identification had been reclassified from a felony to a Class A misdemeanor.[1] On January 16, 1998, the DPS denied Randle's application because of his "felony conviction." Randle appealed the DPS's ruling to the justice court, which ruled in favor of the DPS. Randle then appealed to county court and filed a motion for summary judgment. The county court granted Randle's motion for summary judgment and ordered the DPS to issue Randle a license.

The DPS now appeals the county court's ruling, raising three issues: (1) whether this Court has subject matter jurisdiction over this appeal; (2) whether Randle's offense is a "felony" that disqualifies him from receiving a license; and (3) whether a dismissal of a charge pursuant to a successfully completed deferred adjudication is a "conviction" that disqualifies Randle from receiving a license.

### Jurisdiction

█ The DPS first addresses the concern of whether this Court has jurisdiction over this appeal. The Texas Supreme Court recently put this issue to rest, after the parties filed their briefs, holding that we do have jurisdiction over appeals from denials of concealed handgun licenses. *See Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 361–62 (Tex.2000); *Texas Dep't of Pub. Safety v. Biggert*, 27 S.W.3d 182, 184 (Tex.App.—Houston [1st Dist.] 2000, no pet.).

### Felony

█ In issue two, the DPS asserts Randle is ineligible for a concealed handgun license because he was convicted of a *felony* .

The Concealed Handgun Act provides that Randle is completely ineligible for a license if he has been "convicted of a felony." *See* TEX.GOV'T CODE ANN. § 411.172(a)(3) (Vernon Supp.2000). If, however, Randle was convicted of a Class A misdemeanor, then he may qualify for a license after waiting five years. *See id.*, § 411.172(a)(8). As explained above, Randle's offense was classified as a felony when he pled guilty, but it was classified as a Class A misdemeanor when he applied for a license.

█ This issue was recently addressed by the Fourteenth Court of Appeals, and we agree with its reasoning. *See Texas Dep't of Pub. Safety v. Kreipe*, 29 S.W.3d 334, 337 (Tex.App.—Houston [14th Dist.] 2000, n.p.h.) (designated for publication). We must enforce the plain

---

1. The offense was reclassified from a felony to a class A misdemeanor, effective September 1, 1994. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, art. 1, § 1.01, sec. 31.11, 1993 Tex .Gen.Laws 3586, 3640–41, 3705, 3766.

meaning of an unambiguous statute. *Tune*, 23 S.W.3d at 363. If a statute is clear and unambiguous, we need not resort to extrinsic aid to construe it. *Id.* Randle's offense was a felony when he committed it and when he pled guilty; thus, it was a "felony" within the meaning of the Concealed Handgun Act. *See Kreipe*, at 336-337.

We sustain issue two.

### Conviction

 In its third issue, the DPS asserts Randle was *convicted* of a felony. Randle, on the other hand, asserts he was not convicted because his charges and guilty plea were dismissed pursuant to the deferred adjudication statute.

Again, Randle's position is contrary to the express language of the Concealed Handgun Act, which defines "convicted" as:

> [A]n adjudication of guilt or *an order of deferred adjudication* entered against a person by a court of competent jurisdiction whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision. The term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently:
>
> (A) expunged; or
>
> (B) pardoned under the authority of a state or federal official.

Tex.Gov't Code Ann. § 411.171(4) (Vernon Supp.2000) (emphasis added). Based on the plain language of the statute, Randle was "convicted" for purposes of the Concealed Handgun Act. *Id.; see also Texas Dep't of Pub. Safety v. McLendon*, 43 Tex. Sup.Ct. J. 1219, 2000 WL 1335871, —— S.W.3d —— (Sept. 14, 2000) (per curiam); *Tune*, 23 S.W.3d at 363; *Kreipe*, at 337-338. Accordingly, we sustain issue three.

All pending motions are denied as moot.

We reverse the trial court's judgment and render judgment for the DPS that Randle is not eligible for a concealed handgun license.