# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00486-CV

**Texas Department of Public Safety, Appellant**

**v.**

**William Robert Loeb, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
## NO. 266,861, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING

## O P I N I O N

This case of statutory construction requires us to determine whether the term "convicted" in the Texas concealed handgun license statute, *see* Tex. Gov't Code Ann. § 411.171(4) (West Supp. 2004), encompasses a felony conviction that has been set aside under the Federal Youth Corrections Act ("YCA").[1] The Texas Department of Public Safety contends that the trial court erred in holding that appellee William Robert Loeb's set-aside conviction under the YCA was an "expungement by legislative design" and for that reason is excluded from the term "convicted" under

---

[1] *See* Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1089; *amended by* Act of Oct. 3, 1961, Pub. L. 87-336, 75 Stat. 750; *amended by* Act of Mar. 15, 1976, Pub. L. 94-233, § 9, 90 Stat. 232 (codified as 18 U.S.C. § 5021) (repealed 1984) (allowing for the "set aside" of a conviction) [hereinafter "18 U.S.C. § 5021"].

the concealed handgun license statute. Because we find that "convicted" as defined in the concealed handgun license statute encompasses a set-aside conviction under the YCA, we reverse the decision of the trial court and render judgment that Loeb is ineligible to obtain a concealed handgun license.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. In 1981, Loeb, at age 19, obtained through the mail a driver's license with his photograph and someone else's name. In 1983, Loeb was indicted for and pleaded guilty to the federal felony offense of mail fraud. *See* 18 U.S.C.A. § 1341 (West Supp. 2003). The federal court suspended imposition of sentence and placed Loeb on two years' probation under the YCA, beginning in October 1983.[2] The YCA was repealed in its entirety in 1984. In June 1985, before the probationary period expired, the court, as allowed by the terms of the YCA, discharged Loeb from probation, set aside his conviction, and issued a certificate of vacation of conviction. *See* 18 U.S.C. § 5021(b) (repealed 1984). The set-aside provision stated:

> Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

---

[2] *See* Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1087, *amended by* Act of Mar. 15, 1976, Pub. L. 94-233, § 9, 90 Stat. 232 (codified at 18 U.S.C. § 5010) (repealed 1984) (allowing for the imposition of a suspended sentence). A "youth offender" under the YCA meant a person who was under the age of twenty-two at the time of conviction. *See* Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1086, *amended by* Act of May 15, 1976, Pub. L. 94-233, § 4, 90 Stat. 231 (codified at 18 U.S.C. § 5006(e)) (repealed 1984). The YCA ordinarily was not applied to convicted persons under the age of eighteen, who were eligible for sentencing under the provisions of the Federal Juvenile Delinquency Act. *See* 18 U.S.C.A. §§ 5031-5042 (West 2000 & Supp. 2003).

*Id.* The statute did not provide for the removal or destruction of records.

In 2001, Loeb applied to the Department for a license to carry a concealed handgun. As part of his application, he averred in an affidavit that he had not been convicted of a felony. The Department denied the application on the ground that Loeb had been convicted of a felony because his criminal history record listed the conviction for mail fraud. *See* Tex. Gov't Code Ann. § 411.172(a)(3) (West Supp. 2004). Loeb requested an administrative hearing on the decision in a justice court, *id.* § 411.180(a) (West Supp. 2004), which found that the Department's denial was not supported by a preponderance of the evidence. The Department then appealed the decision to a county court at law. *Id.* § 411.180(e) (West Supp. 2004). In a trial *de novo* without a jury, *see id.*, the court affirmed the justice court's ruling and granted Loeb's application for a concealed handgun license. Pursuant to the Department's request, the trial court also issued findings of fact and conclusions of law.

In one issue, the Department appeals, contending that the trial court erred in finding that because Loeb's set-aside conviction was an "expungement statute by legislative design," it cannot constitute a conviction under the concealed handgun license statute.

**ANALYSIS**

The Department does not challenge the trial court's findings of fact, only its conclusion of law that Loeb's set-aside conviction was an expungement by legislative design. The parties agree that the issue before us is one of statutory construction, a question of law that we review *de novo*. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). We must ascertain and give effect to the legislature's intent for the provisions we are construing. Tex. Gov't Code Ann.

3

§ 312.005 (West 1998); *Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (When interpreting a statute, court "focuses on the literal text of the statute in question and attempt[s] to discern the fair, objective meaning of that text at the time of its enactment.").  The legislature's intent should be determined by reading the language used in the particular statute and construing the statute in its entirety.  *See In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 380 (Tex. 1998); *Taylor v. Firemen's & Policemen's Civil Serv. Comm'n*, 616 S.W.2d 187, 190 (Tex. 1981).  Further, we should read every word, phrase, and expression in a statute as if it were deliberately chosen, and presume the words excluded from the statute are done so purposefully.  *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied); *City of Austin v. Quick*, 930 S.W.2d 678, 687 (Tex. App.—Austin 1996) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)), *aff'd*, 7 S.W.3d 109 (Tex. 1999).  We will begin our analysis by emphasizing certain aspects of the language of the statute at issue here.

A person is eligible for a concealed handgun license only if the person has not been convicted of a felony.  Tex. Gov't Code Ann. § 411.172(a)(3).  Because the term "convicted" is defined in the statute, we are bound to construe that term by its statutory definition only.  *Needham*, 82 S.W.3d at 318.  As defined in the statute,

> "Convicted" means an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision.  The term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently:

4

(A)   expunged; or

(B)   pardoned under the authority of a state or federal official.

Tex. Gov't Code Ann. § 411.171(4).  Thus, "convicted" means *any* adjudication of guilt or order of deferred adjudication whether or not imposition of sentence is probated and the person is discharged from probation *unless* it is subsequently expunged or is the subject of an official pardon.  The parties agree that a federal court adjudicated Loeb guilty of the felony offense of mail fraud, suspended imposition of sentence, placed Loeb on probation, then within its discretion set aside the judgment of conviction before Loeb's probationary period expired.

Both parties also agree that Loeb's adjudication falls within the statutory definition of "conviction," with the disagreement being whether the set aside is equivalent to an expungement. Although no Texas court has addressed the effect of a set-aside felony under the YCA, the Texas Supreme Court has held that the dismissal of proceedings after successful completion of community supervision under Texas law pursuant to article 42.12 of the code of criminal procedure is a conviction as defined in the concealed handgun license statute.  *Tune v. Texas Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex. 2000).  In *Tune*, the supreme court determined that the concealed handgun license statute on its face included such a dismissal in the definition of a conviction because "[n]othing in the statute suggests any exception for those who successfully complete probation and are discharged and who have the indictment dismissed."  *Id.*[3]

---

[3]  The supreme court has since reaffirmed this holding.  *Texas Dep't of Pub. Safety v. McLendon*, 35 S.W.3d 632, 633 (Tex. 2000) (For the purposes of the concealed handgun license statute, "an order of deferred adjudication is not voided by a subsequent dismissal of the case upon completion of probation."); *see also Texas Dep't of Pub. Safety v. Randle*, 31 S.W.3d 786, 788 (Tex.

The concealed handgun license statute was enacted in 1995,[4] more than ten years after the YCA was repealed. A statute is presumed to have been enacted by the legislature with complete knowledge of the *existing* law and with reference to it. *McBride v. Clayton*, 166 S.W.2d 125, 128 (Tex. 1942). Without an explicit reference in the concealed handgun license statute, a felony that had been set aside under the extinct YCA could not have been within the legislature's contemplation as an exclusion from the definition of "convicted." This legislative intent is further borne out by numerous other criteria restricting eligibility to obtain a license.[5] The *Tune* court also considered

App.—Houston [1st Dist.] 2000, no pet.) (plain language of statute includes order of deferred adjudication subsequently dismissed); *Texas Dep't of Pub. Safety v. Biggert*, 27 S.W.3d 182, 184 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (same).

[4] Act of May 16, 1995, 74th Leg., R.S., ch. 229, 1995 Tex. Gen. Laws 1998, 1998-2015 (codified at Tex. Rev. Civ. Stat. Ann. art. 29(ee)), *repealed by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 10.01, 1997 Tex. Gen. Laws 327, 397-411 (recodified at Tex. Gov't Code Ann. §§ 411.171-.208 (since amended)).

[5] A person is not eligible for a license unless the person

    (1)  is a legal resident of this state for the six-month period preceding the date of application under this subchapter or is otherwise eligible for a license under Section 411.173(a);

    (2)  is at least 21 years of age;

    (3)  has not been convicted of a felony;

    (4)  is not charged with the commission of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal Code, or of a felony under an information or indictment;

    (5)  is not a fugitive from justice for a felony or a Class A or Class B misdemeanor;

    (6)  is not a chemically dependent person;

the legislature's intent in its analysis: the "Legislature may wish to keep concealed handguns out of the hands of persons who have been convicted of a felony, even if those persons satisfactorily complete community supervision." *Id.* at 364.

---

(7)  is not incapable of exercising sound judgment with respect to the proper use and storage of a handgun;

(8)  has not, in the five years preceding the date of application, been convicted of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal Code;

(9)  is fully qualified under applicable federal and state law to purchase a handgun;

(10)  has not been finally determined to be delinquent in making a child support payment administered or collected by the attorney general;

(11)  has not been finally determined to be delinquent in the payment of a tax or other money collected by the comptroller, the tax collector of a political subdivision of the state, or any agency or subdivision of the state;

(12)  has not been finally determined to be in default on a loan made under Chapter 57, Education Code;

(13)  is not currently restricted under a court protective order or subject to a restraining order affecting the spousal relationship, other than a restraining order solely affecting property interests;

(14)  has not, in the 10 years preceding the date of application, been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony; and

(15)  has not made any material misrepresentation, or failed to disclose any material fact, in an application submitted pursuant to Section 411.174 or in a request for application submitted pursuant to Section 411.175.

Tex. Gov't Code Ann. § 411.172(a) (West Supp. 2004).

But an adjudication of guilt or order of deferred adjudication may be excluded from the term "conviction" if it is subsequently "expunged; or pardoned under the authority of a state or federal official." Tex. Gov't Code Ann. § 411.171(4). Because a set-aside felony still constitutes a conviction under the concealed handgun license statute, Loeb must have had his conviction "expunged" or must have been "pardoned" to qualify for a license. *See id.* (excluding only expunged convictions and pardons from the definition of "convicted"). We proceed to inquire, then, whether the YCA set aside is equivalent to an expungement or a pardon.

Loeb does not argue that he has been pardoned or that the set-aside procedure is equivalent to a pardon. Rather, he urges that his felony conviction was expunged under the YCA. The trial court concluded that the set-aside conviction was equivalent to an expungement. "Expunged" is not defined in the concealed handgun license statute. When construing an unambiguous term in a statute, we generally interpret the statute according to its plain meaning. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999)). Nevertheless, "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Tex. Gov't Code Ann. § 311.011(b) (West 1998); *see Guthery v. Taylor*, 112 S.W.3d 715, 721-22 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("When the same or a similar term is used in the same connection in different statutes, the term will be given the same meaning in one as in the other, unless there is something to indicate that a different meaning was intended."). Accordingly, we will look to the code of criminal procedure for guidance on the definition of expungement under Texas law.

Were Loeb convicted of an offense in Texas, he would have to be pardoned or acquitted by the Court of Criminal Appeals to qualify for an expungement. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a), (b) (West Supp. 2004).[6] Loeb would not be entitled to expungement of his conviction under Texas law because dismissal from court-ordered community supervision for any offense, other than a class C misdemeanor, does not entitle a petitioner to expunction of criminal

---

[6] Section 55.01 provides, in pertinent part:

Art. 55.01. Right to Expunction

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

    (1) the person is tried for the offense for which the person was arrested and is:

        (A) acquitted by the trial court, except as provided by Subsection (c) of this section; or

        (B) convicted and subsequently pardoned . . . .

        . . . .

(b) Except as provided by Subsection (c) of this section, a district court may expunge all records and files relating to the arrest of a person who has been arrested for commission of a felony or misdemeanor under the procedure established under Article 55.02 of this code if the person is:

    (1) tried for the offense for which the person was arrested;

    (2) convicted of the offense; and

    (3) acquitted by the court of criminal appeals.

Tex. Code Crim. Proc. Ann. art. 55.01(a), (b) (West Supp. 2004).

records. *Id.* art. 55.01(a)(2)(B); *see Texas Dep't of Pub. Safety v. Wallace*, 63 S.W.3d 805, 807 (Tex. App.—Austin 2001, no pet.).

In addition, an order of expungement under Texas law requires that each entity named in the order:

> (1) return all records and files that are subject to the expunction order to the court or, if removal is impracticable, obliterate all portions of the record or file that identify the person who is the subject of the order and notify the court of its action; and
>
> (2) delete from its public records all index references to the records and files that are subject to the expunction order.

Tex. Code Crim. Proc. Ann. art. 55.02, § 5(a) (West Supp. 2004). After entry of an expunction order, "the release, dissemination, or use of the expunged records and files for any purpose is prohibited," *id.* art. 55.03(1) (West Supp. 2004), unless "the person who is the subject of the expunction order is again arrested for or charged with an offense arising out of the transaction for which the person was arrested." *Id.* art. 55.02, § 4(b) (West Supp. 2004). Thus, under Texas law, expungement means the segregation or destruction of records and deletion of the record from criminal record indexes.

Under the YCA, the provision allowing for the set aside of a conviction does not expressly address expunction. *See* 18 U.S.C. § 5021(b) (repealed 1984). Courts have struggled to bestow a meaning on the term "set aside,"[7] which the YCA leaves undefined. Several federal circuit

---

[7] *See United States v. Arrington*, 618 F.2d 1119, 1124 n.8 (5th Cir. 1980) (declining to determine whether the provision serves to expunge the record and holding that "[f]or the purposes of this appeal, defining expunction to include at least setting aside his conviction is a satisfactory

10

courts agree that the *effect* of a set-aside felony is to give a youthful offender a "second chance."[8]

But federal circuit courts generally reject a construction of the provision as an expungement statute,

holding that a set-aside felony is not equivalent to or does not necessarily result in physical

obliteration or segregation of the record of conviction.[9]

Because the YCA does not expressly address "expungement" and the concealed

handgun license statute does not allow expungement unless a defendant is acquitted or pardoned,

we cannot construe a set-aside felony as an "expungement statute by legislative design."  In light of

the broad definition of "convicted" in the statute, the declaration in *Tune* that "convicted" includes

any adjudication of guilt unless the conviction is subsequently expunged or is the subject of a

pardon, and the legislative intent to restrict eligibility for a concealed handgun license to statutorily

described categories, we hold that a set-aside felony conviction under the YCA is a conviction for

---

resolution"); *United States v. Purgason*, 565 F.2d 1279, 1280-81 (4th Cir. 1977) (finding the set-aside conviction "no longer viable" but determining "it unnecessary to decide whether the statute is one of expunction in the broad sense of that term").

[8] *See Mines v. National Transp. Safety Bd.*, 862 F.2d 617, 619 (6th Cir. 1988) ("second chance" and a "clean slate"); *Arrington*, 618 F.2d at 1124 ("second chance") (citing *Dorszynski v. United States*, 418 U.S. 424, 432-35 (1974)); *Doe v. Webster*, 606 F.2d 1226, 1234 (D.C. Cir. 1979) ("fresh start").

[9] *See United States v. Wacker*, 72 F.3d 1453, 1479-80 (10th Cir. 1995) (holding that set-aside convictions may be considered at sentencing for another offense); *United States v. Ashburn*, 20 F.3d 1336, 1342-43 (5th Cir. 1994), *reinstated in relevant part by* 38 F.3d 803 (5th Cir. 1994) (en banc) (same); *United States v. Gardner*, 860 F.2d 1391, 1399 (7th Cir. 1988) (same); *United States v. Doe*, 747 F.2d 1358, 1359 (11th Cir. 1984) (holding that YCA does not authorize destruction or segregation of set-aside conviction records); *United States v. Doe*, 732 F.2d 229, 230-32 (1st Cir. 1984) (same); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977) (same); *United States v. McMains*, 540 F.2d 387, 389 (8th Cir. 1976) (same).  *But see United States v. Doe*, 980 F.2d 876, 881-82 (3d Cir. 1992) (holding that set-aside provision authorizes expungement); *Webster*, 606 F.2d at 1232-37 (same).

11

the purposes of the concealed handgun license statute. We sustain the Department's issue, reverse the trial court's decision, and render judgment that Loeb is not eligible to obtain a concealed handgun license.

## CONCLUSION

Because "convicted" as defined in the concealed handgun license statute encompasses Loeb's felony conviction that was set aside under the Federal Youth Corrections Act, we reverse the decision of the trial court and render judgment that Loeb is ineligible to obtain a concealed handgun license.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Pemberton: Opinion by Justice Patterson; Dissenting Opinion by Justice B. A. Smith

Reversed and Rendered

Filed: June 10, 2004