

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00209-CR

_____

JOHN CLEVEN DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35333-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After waiving his right to a jury trial, John Cleven Davis pled guilty to possession of cocaine in an amount less than one gram. He was sentenced to eighteen months' confinement in a state jail facility. Davis appeals his punishment and claims he was entitled to mandatory community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15 (Vernon Supp. 2008); TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003). Because we find the evidence is sufficient to show that Davis was previously convicted of a felony, we disagree with his contention.

The mandatory requirements of Section 15(a) for community supervision are limited to five criminal offenses under the Texas Health and Safety Code in which the amount of controlled substance involved is small and the offense is punishable as a nonaggravated state jail felony under Section 12.35(a) of the Texas Penal Code. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15; TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2008); *Holcomb v. State*, 146 S.W.3d 723, 729 (Tex. App.—Austin 2004, no pet.). If the defendant is found guilty of one of the five offenses, "the judge shall suspend the imposition of the sentence and place the defendant on community supervision, unless the defendant has previously been convicted of a felony." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1).

During punishment, Davis' counsel orally requested that the court consider community supervision.[1] As a part of the stipulated evidence, a computer printout of Davis' criminal history

---

[1]When a defendant applies for community supervision in a felony jury trial, he or she must file a written sworn motion stating he or she has never been previously convicted of a felony.

obtained from the Texas Department of Public Safety was admitted, and the State's counsel told the court it "indicat[ed] a prior federal offense for possession of drugs." The criminal history revealed that Davis was previously convicted for possession with intent to distribute cocaine, served a five-year sentence at the Federal Correctional Institution in El Reno, Oklahoma, and a seven-month sentence at the Federal Correctional Institution in Texarkana.[2] The history set out Davis' date of birth, social security number, driver's license number, and physical description. A detainer to the Gregg County Jail, issued from the United States Department of Justice and signed by a United States Marshal, requested that Davis be remanded to federal custody based on a "federal probation/supervised release violation warrant." His counsel also affirmed that Davis was not entitled to mandatory community supervision by stating, "I will tell the court that there is a prior that does preclude the automatic probation." Now, Davis contends the State's evidence was insufficient to prove his prior felony conviction.

---

However, in a case involving Article 42.12, Section 15(a) of the Texas Code of Criminal Procedure, a written motion is not needed because a defendant is already statutorily qualified. *Smith v. State*, No. 09-03-00216-CR, 2004 WL 1516967, at *4 (Tex. App.—Beaumont June 30, 2004, pet. ref'd) (mem. op., not designated for publication); *see also Flores v. State*, 487 S.W.2d 122, 127 (Tex. Crim. App. 1972).

[2] The trial court did not err in considering Davis' criminal history to decide whether he was eligible for mandatory community supervision. *Valdez v. State*, 491 S.W.2d 415, 417 (Tex. Crim. App. 1973); *McNeese v. State*, 468 S.W.2d 800, 801 (Tex. Crim. App. 1971).

3

Article 42.12, Section 15 of the Texas Code of Criminal Procedure defines the trial court's authority to impose or suspend sentence in state jail felonies. It does not create a right that the litigants may waive or forfeit. *Jordan v. State*, 979 S.W.2d 75, 77 (Tex. App.—Austin 1998), *aff'd*, 36 S.W.3d 871 (Tex. Crim. App. 2001). According to the statute, a trial court must have proof of a previous final felony conviction before it can forego mandatory community supervision for a state jail felony. *Id.* at 77; *see Bradley v. State*, No. 12-05-00024-CR, 2006 WL 1420399, at *9 (Tex. App.—Tyler May 24, 2006, pet. ref'd) (mem. op., not designated for publication) (recognizing that Article 42.12, Section 15(a) is analogous to enhancement provisions which place the burden of proof on the State). The question we must resolve is whether the record contained sufficient proof of the previous felony such that the trial court was authorized to sentence Davis to eighteen months in a state jail facility.

Davis' brief does not specify whether he challenges legal or factual sufficiency of the State's evidence demonstrating that he was previously convicted of a felony. In the interest of justice, we will evaluate the evidence under both standards. *Ballard v. State*, 161 S.W.3d 269, 271 (Tex. App.—Texarkana 2005), *aff'd*, 193 S.W.3d 916 (Tex. Crim. App. 2006); *King v. State*, 961 S.W.2d 691, 693 (Tex. App.—Austin 1998, pet. ref'd). To assess legal sufficiency, we will view the relevant evidence in the light most favorable to the trial court's sentence and determine whether any rational trier of fact could have found the existence of a prior felony conviction. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). If there is no evidence to support the finding, then the entire

record will be examined to see if Davis' position on the issue is established as a matter of law. *See Ballard*, 161 S.W.3d at 271. In the case of factual sufficiency, we ask whether the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *Id.*; *Meraz v. State*, 785 S.W.2d 146, 154–55 (Tex. Crim. App. 1990).

In reviewing the record, we conclude that the evidence presented by the State was both legally and factually sufficient to warrant Davis' sentence. We do not decide whether the introduction of Davis' criminal history or detainer alone would be sufficient. *See Beck v. State*, 719 S.W.2d 205 (Tex. Crim. App. 1986) (analyzing what type evidence sufficient to prove prior conviction). One method of proving prior convictions is by stipulation or judicial admission by the defendant. *Id.* at 209. Statements of counsel made on behalf of a client during open court constitute judicial admissions which prove prior convictions of a party. *See Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005) (admissions by counsel have "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact"); *Tex. Dep't of Pub. Safety v. Stanley*, 34 S.W.3d 321 (Tex. App.—Fort Worth 2000, no pet.); *Beck*, 719 S.W.2d at 209–10. Here, Davis' counsel admitted there was a prior conviction that would prevent the application of mandatory community supervision.[3] In making this judicial admission, Davis "waived his right to put the government to its proof" on the issue of the previous felony conviction. *See Bryant*, 187 S.W.3d at 402. Therefore, we find the trial court could have rationally found that Davis was previously convicted of a felony. *Miller v. State*,

---

[3]Counsel also did not object to the sentence imposed.

33 S.W.3d 257, 262 (Tex. Crim. App. 2000) (finding counsel's admission that defendant was serving thirty years sufficient to prove prior convictions where convictions were identified in pretrial motion by cause number, name of offense, and punishment assessed); *see also Resanovich v. State*, 906 S.W.2d 40, 42–43 (Tex. Crim. App. 1995).

As to the factual sufficiency issue, we note that no contrary evidence is in the record, nor does Davis claim the information contained in the State's documents was inaccurate or that the trial court based the decision to deny community supervision on inaccurate information. We conclude the evidence is legally and factually sufficient to support the trial court's determination that Davis was not entitled to mandatory community supervision.

Once it was established that Davis was not eligible for mandatory community supervision, the trial court had discretion to deny Davis' motion. *Jackson v. State*, 474 S.W.2d 237 (Tex. Crim. App. 1971) ("Where the motion for probation has been presented to the trial court, it rests within the sound discretion of the court as to whether probation should be granted and such decision is not appealable."); *Martin v. State*, 452 S.W.2d 481, 483 (Tex. Crim. App. 1970); *Thibodeaux v. State*, 628 S.W.2d 485, 488 (Tex. App.—Texarkana 1982, no writ). No abuse of that discretion is shown.

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     August 18, 2008
Date Decided:       August 27, 2008

Do Not Publish