NO. 12-11-00010-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TEXAS DEPARTMENT                              §                      APPEAL
FROM THE

OF PUBLIC SAFETY,

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW

 

 

JAMES ALLEN HAGEN,

APPELLEE                                                   §                      CHEROKEE
COUNTY, TEXAS







MEMORANDUM
OPINION

The
Texas Department of Public Safety appeals from a trial court order directing
the Department to issue a concealed handgun license to James Allen Hagen.  In
one issue, the Department argues that Hagen is ineligible for a concealed
handgun license because he received deferred adjudication for the offense of
involuntary manslaughter.  We reverse and render.

 

Background

The
Department of Public Safety denied James Allen Hagen’s application for a
concealed handgun license because he had received deferred adjudication for an
involuntary manslaughter offense.  Hagen sought review of that determination in
a Cherokee County justice court.  The Justice of the Peace determined that he
should be granted a concealed handgun license.  The Department appealed that
determination to the county court at law in Cherokee County.  

A
trial de novo was held in the county court at law.  There, the Department
argued that Hagan was ineligible for a license because the law treated his
deferred adjudication as a conviction.  Hagen was ineligible, the Department
argued, because a person convicted of involuntary manslaughter, the offense for
which Hagen received deferred adjudication, could not be issued a license. 
Hagen argued that he actually committed the offense of intoxication
manslaughter, though that offense had not been created at the time he committed
the offense.  He argued that he should be eligible for a license because those
convicted of intoxication manslaughter were eligible for a license.  The trial
court directed the Department to issue Hagen a license.  This appeal followed.

 

Concealed Handgun Licensure

            In
one issue, the Department argues that the trial court erred in ordering that
Hagen be granted a concealed handgun license.  The Department argues that Hagen
is ineligible for a license because he received deferred adjudication for the
offense of involuntary manslaughter.

Applicable
Law

A
person is eligible for a concealed handgun license if he meets all of the legal
requirements for licensure and has not been convicted of a felony offense.  Tex. Gov’t Code Ann. § 411.172(a)(3)
(Vernon Supp. 2010).  A “conviction” means an adjudication of guilt as well as
entry of a deferred adjudication[1]
order.  See Tex. Gov’t Code Ann.
§ 411.171(4) (Vernon Supp. 2010).  There is an exception to this provision.  A
person is not convicted, as defined by Section 411.171, if an order of deferred
adjudication was entered against him “not less than 10 years preceding the date
of the person's application for a license.” See Tex. Gov’t Code Ann. § 411.1711 (Vernon Supp. 2010).  There
is also an exception to this exception.  Persons who had a deferred
adjudication order entered against them for a felony offense under Title 5,
Penal Code; Chapter 29, Penal Code; Section 25.07, Penal Code; or two
subsections of Section 30.02, Penal Code are considered to be convicted of the
offense without regard to the passage of time.   

Penal
Code Title 5 includes the offense of manslaughter.  See Tex. Penal Code Ann. § 19.04
(Vernon 2011).  Importantly, the offense of intoxication manslaughter is not
included in Title 5, and is not on the list for which a deferred adjudication
order is a permanent bar to concealed handgun licensure.  See Tex. Penal Code Ann. § 49.08 (Vernon
2011) (Intoxication manslaughter is in Title 10 of the Penal Code.).

Analysis

Hagen
received a deferred adjudication order for the offense of involuntary
manslaughter more than two decades ago.  In the intervening years, the
legislature has reworked the statutes.  As the offense existed at the time
Hagen committed it, a person committed involuntary manslaughter if he
recklessly caused the death of an individual or, if he, by accident or mistake
when operating a motor vehicle, airplane, helicopter, or boat while intoxicated
and, by reason of such intoxication, caused the death of an individual.  See
Act of May 29, 1987, 70th Leg., R.S., ch. 307, §1, 1987 Tex. Gen. Laws 1698. 
The first part of the statute in effect in 1988 tracks the manslaughter offense
as currently defined, which a person commits if he recklessly causes the death
of an individual.  See Tex. Penal
Code Ann. § 19.04.  The second half of the offense has been
substantially reproduced in Title 10 as the offense of intoxication
manslaughter.  See Tex. Penal
Code Ann. § 49.08.  

Hagen
argued in the trial court and argues on appeal that he committed the offense of
intoxication manslaughter and that he did not commit the offense of
manslaughter.  As evidence of this, he provided the trial court with a
contemporaneous newspaper account of the accident and a printout of an analysis
of his blood following the wreck.[2] 
These documents, he argued, supported his contention that the offense was
actually intoxication manslaughter.  Hagen admitted that he was intoxicated
when he committed the offense.  He testified that his attorney negotiated a
plea to the original case that would not involve an admission that alcohol was
involved in the offense.  This was done, he represented to the court, to
minimize the impact of his criminal case on his employment.  The paperwork from
his criminal case bears this out.  The offense alleged in the information does
not address intoxication.  Instead, it simply alleges that Hagen “did then and
there recklessly cause the death of an individual [], by losing control of the
vehicle he was driving and causing it to hit a tree.”  This tracks the first
part of the involuntary manslaughter statute as it existed at the time, and it
tracks the current manslaughter statute. 

Now,
Hagen seeks to assert that he actually committed the offense of intoxication
manslaughter.  This is important because those who received a deferred
adjudication order for a Title 5 offense, which included involuntary
manslaughter and includes manslaughter now, are ineligible for a concealed
handgun license.  See Tex. Gov’t
Code Ann. § 411.1711 (1)(A).  On the other hand, because the
intoxication manslaughter is not in the list of excepted offenses, those who
receive a deferred adjudication order for that offense are eligible for
licensure if ten years has passed from the entry of the order.  See Tex. Gov’t Code Ann. § 411.1711(1).  

Other
courts that have considered individuals convicted of offenses that changed in
the years since their conviction have held that the original characterization
of the offense controls for purposes of eligibility for a concealed handgun
license.  In Texas Department of Public Safety v. Randle, 31
S.W.3d 786, 787-88 (Tex. App.–Houston [1st Dist.] 2000, no pet.), the court
held that even though the offense the applicant had been convicted of had been
changed from a felony when he was convicted to a misdemeanor when he applied
for a license, he was still convicted of a felony for purposes of the concealed
handgun licensure requirements.  The Randle decision relied upon
the Fourteenth Court of Appeals decision in Texas Department of Public
Safety v. Kreipke, 29 S.W.3d 334, 338 (Tex. App.–Houston [14th Dist.]
2000, pet. denied), in which the court held, based on the plain language of the
statute, that a person convicted, as defined by statute, of possession of
marijuana as a felony remained a felon for purposes of a concealed handgun
license even though the legislature had recharacterized the offense as a
misdemeanor.

The
court in Kreipke recognized that the plain language of the
statute caused some “odd results.”  Id.  Specifically, in that
case, an applicant was denied the ability to get a license when a person who
committed the same act after the law had changed would not be denied a license. 
Id.  However, as the court recognized, the legislature was free
to enact a law that avoided such results.  The court held that the
characterization of the offense at the time of conviction controlled because
the plain language of the statute did not allow an alternative interpretation. 
Id. 

The
legislature took note of the odd result illustrated by the court in Kreipke
and added Subsection (b-1) to Section 411.172, Texas Government Code,
in 2003.  See Act of May 24, 2003, 78th Leg., R.S., ch. 255, § 1, 2003
Tex. Gen. Laws 1162.  Pursuant to Subsection (b-1), an offense is not a felony,
if, at the time application is made for a license of licensure, it is not
“designated by a law of this state as a felony; and does not contain all the
element of any offense designated by a law of this state as a felony.”  See
Tex. Penal Code Ann. §
411.172(b-1)(1), (2).  

We
agree with the conclusion reached in the Randle and Kreipke
opinions that, based on the plain language of the statute, the original
characterization of the offense controls licensure eligibility unless the
legislature has created an exception.  One exception is Subsection (b-1), which
allows a person to be licensed if the offense he committed has been
recharacterized as an offense that does not preclude licensure.  There is no
analogous safety valve that allows a person who has a deferred adjudication
order entered against him to argue that the offense he committed was actually a
different offense from the one for which the order was entered.  Hagen’s offense,
when he committed it, was a Title 5 offense.  See Act of May 23, 1973,
63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 912-13.  The offense,
as alleged in the information and to which Hagen pleaded guilty, is the present
offense of manslaughter, which is a Title 5 offense.  Accordingly, Hagen is
ineligible for a license because, pursuant to the relevant statutes, he stands
convicted of a Title 5 felony offense.[3] 
We sustain the Department’s issue.

 

Disposition

            Having
sustained the Department’s sole issue, we reverse and render
judgment for the Department of Public Safety that Hagen is not eligible
for a concealed handgun license.

James T.
Worthen

                                                                              
                          Chief Justice

 

Opinion delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









[1] A trial court may defer
adjudication of guilt in a criminal case.  See Tex. Code Crim. Proc. Ann. art. 42.12 § 5
(Vernon Supp. 2010).  In order for the court to enter such an order, the
defendant must plead guilty or nolo contendere and there must be evidence to
substantiate the defendant’s guilt.  See id. § 5(a).  The trial
court then makes a finding substantiating the defendant’s guilt, defers further
proceedings without entering an adjudication of guilt, and places the defendant
on community supervision.  Id.  At the conclusion of the period
of community supervision, and if the defendant has not violated the terms of
his community supervision, the trial court dismisses the proceedings and
discharges the defendant.  See id. § 5(c). 





[2] Hagen offered the documents, and
the Department objected.  The trial court never ruled on the objection, but the
court did not formally admit the documents as it did for a document offered by
the Department.  The documents are not in the appellate record. 





[3]  Executive clemency is an option
available to persons who are otherwise ineligible to be licensed to carry a
concealed weapon.  See Tex. Gov’t
Code Ann. § 411.171(4)(B).