# NO. 12-11-00010-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW* |
| *JAMES ALLEN HAGEN, APPELLEE* | *§* | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals from a trial court order directing the Department to issue a concealed handgun license to James Allen Hagen. In one issue, the Department argues that Hagen is ineligible for a concealed handgun license because he received deferred adjudication for the offense of involuntary manslaughter. We reverse and render.

## BACKGROUND

The Department of Public Safety denied James Allen Hagen's application for a concealed handgun license because he had received deferred adjudication for an involuntary manslaughter offense. Hagen sought review of that determination in a Cherokee County justice court. The Justice of the Peace determined that he should be granted a concealed handgun license. The Department appealed that determination to the county court at law in Cherokee County.

A trial de novo was held in the county court at law. There, the Department argued that Hagan was ineligible for a license because the law treated his deferred adjudication as a conviction. Hagen was ineligible, the Department argued, because a person convicted of

1

involuntary manslaughter, the offense for which Hagen received deferred adjudication, could not be issued a license. Hagen argued that he actually committed the offense of intoxication manslaughter, though that offense had not been created at the time he committed the offense. He argued that he should be eligible for a license because those convicted of intoxication manslaughter were eligible for a license. The trial court directed the Department to issue Hagen a license. This appeal followed.

## CONCEALED HANDGUN LICENSURE

In one issue, the Department argues that the trial court erred in ordering that Hagen be granted a concealed handgun license. The Department argues that Hagen is ineligible for a license because he received deferred adjudication for the offense of involuntary manslaughter.

### Applicable Law

A person is eligible for a concealed handgun license if he meets all of the legal requirements for licensure and has not been convicted of a felony offense. TEX. GOV'T CODE ANN. § 411.172(a)(3) (Vernon Supp. 2010). A "conviction" means an adjudication of guilt as well as entry of a deferred adjudication[1] order. *See* TEX. GOV'T CODE ANN. § 411.171(4) (Vernon Supp. 2010). There is an exception to this provision. A person is not convicted, as defined by Section 411.171, if an order of deferred adjudication was entered against him "not less than 10 years preceding the date of the person's application for a license." *See* TEX. GOV'T CODE ANN. § 411.1711 (Vernon Supp. 2010). There is also an exception to this exception. Persons who had a deferred adjudication order entered against them for a felony offense under Title 5, Penal Code; Chapter 29, Penal Code; Section 25.07, Penal Code; or two subsections of Section 30.02, Penal Code are considered to be convicted of the offense without regard to the passage of time.

---

[1] A trial court may defer adjudication of guilt in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5 (Vernon Supp. 2010). In order for the court to enter such an order, the defendant must plead guilty or nolo contendere and there must be evidence to substantiate the defendant's guilt. *See id*. § 5(a). The trial court then makes a finding substantiating the defendant's guilt, defers further proceedings without entering an adjudication of guilt, and places the defendant on community supervision. *Id*. At the conclusion of the period of community supervision, and if the defendant has not violated the terms of his community supervision, the trial court dismisses the proceedings and discharges the defendant. *See id*. § 5(c).

Penal Code Title 5 includes the offense of manslaughter. *See* TEX. PENAL CODE ANN. § 19.04 (Vernon 2011). Importantly, the offense of intoxication manslaughter is not included in Title 5, and is not on the list for which a deferred adjudication order is a permanent bar to concealed handgun licensure. *See* TEX. PENAL CODE ANN. § 49.08 (Vernon 2011) (Intoxication manslaughter is in Title 10 of the Penal Code.).

**Analysis**

Hagen received a deferred adjudication order for the offense of involuntary manslaughter more than two decades ago. In the intervening years, the legislature has reworked the statutes. As the offense existed at the time Hagen committed it, a person committed involuntary manslaughter if he recklessly caused the death of an individual or, if he, by accident or mistake when operating a motor vehicle, airplane, helicopter, or boat while intoxicated and, by reason of such intoxication, caused the death of an individual. *See* Act of May 29, 1987, 70th Leg., R.S., ch. 307, §1, 1987 Tex. Gen. Laws 1698. The first part of the statute in effect in 1988 tracks the manslaughter offense as currently defined, which a person commits if he recklessly causes the death of an individual. *See* TEX. PENAL CODE ANN. § 19.04. The second half of the offense has been substantially reproduced in Title 10 as the offense of intoxication manslaughter. *See* TEX. PENAL CODE ANN. § 49.08.

Hagen argued in the trial court and argues on appeal that he committed the offense of intoxication manslaughter and that he did not commit the offense of manslaughter. As evidence of this, he provided the trial court with a contemporaneous newspaper account of the accident and a printout of an analysis of his blood following the wreck.[2] These documents, he argued, supported his contention that the offense was actually intoxication manslaughter. Hagen admitted that he was intoxicated when he committed the offense. He testified that his attorney negotiated a plea to the original case that would not involve an admission that alcohol was involved in the offense. This was done, he represented to the court, to minimize the impact of his criminal case on his employment. The paperwork from his criminal case bears this out. The offense alleged in the information does not address intoxication. Instead, it simply alleges that

---

[2] Hagen offered the documents, and the Department objected. The trial court never ruled on the objection, but the court did not formally admit the documents as it did for a document offered by the Department. The documents are not in the appellate record.

Hagen "did then and there recklessly cause the death of an individual [], by losing control of the vehicle he was driving and causing it to hit a tree." This tracks the first part of the involuntary manslaughter statute as it existed at the time, and it tracks the current manslaughter statute.

Now, Hagen seeks to assert that he actually committed the offense of intoxication manslaughter. This is important because those who received a deferred adjudication order for a Title 5 offense, which included involuntary manslaughter and includes manslaughter now, are ineligible for a concealed handgun license. *See* TEX. GOV'T CODE ANN. § 411.1711 (1)(A). On the other hand, because the intoxication manslaughter is not in the list of excepted offenses, those who receive a deferred adjudication order for that offense are eligible for licensure if ten years has passed from the entry of the order. *See* TEX. GOV'T CODE ANN. § 411.1711(1).

Other courts that have considered individuals convicted of offenses that changed in the years since their conviction have held that the original characterization of the offense controls for purposes of eligibility for a concealed handgun license. In ***Texas Department of Public Safety v. Randle***, 31 S.W.3d 786, 787-88 (Tex. App.–Houston [1st Dist.] 2000, no pet.), the court held that even though the offense the applicant had been convicted of had been changed from a felony when he was convicted to a misdemeanor when he applied for a license, he was still convicted of a felony for purposes of the concealed handgun licensure requirements. The ***Randle*** decision relied upon the Fourteenth Court of Appeals decision in ***Texas Department of Public Safety v. Kreipke***, 29 S.W.3d 334, 338 (Tex. App.–Houston [14th Dist.] 2000, pet. denied), in which the court held, based on the plain language of the statute, that a person convicted, as defined by statute, of possession of marijuana as a felony remained a felon for purposes of a concealed handgun license even though the legislature had recharacterized the offense as a misdemeanor.

The court in ***Kreipke*** recognized that the plain language of the statute caused some "odd results." ***Id***. Specifically, in that case, an applicant was denied the ability to get a license when a person who committed the same act after the law had changed would not be denied a license. ***Id***. However, as the court recognized, the legislature was free to enact a law that avoided such results. The court held that the characterization of the offense at the time of conviction controlled because the plain language of the statute did not allow an alternative interpretation. ***Id***.

4

The legislature took note of the odd result illustrated by the court in *Kreipke* and added Subsection (b-1) to Section 411.172, Texas Government Code, in 2003. *See* Act of May 24, 2003, 78th Leg., R.S., ch. 255, § 1, 2003 Tex. Gen. Laws 1162. Pursuant to Subsection (b-1), an offense is not a felony, if, at the time application is made for a license of licensure, it is not "designated by a law of this state as a felony; and does not contain all the element of any offense designated by a law of this state as a felony." *See* TEX. PENAL CODE ANN. § 411.172(b-1)(1), (2).

We agree with the conclusion reached in the *Randle* and *Kreipke* opinions that, based on the plain language of the statute, the original characterization of the offense controls licensure eligibility unless the legislature has created an exception. One exception is Subsection (b-1), which allows a person to be licensed if the offense he committed has been recharacterized as an offense that does not preclude licensure. There is no analogous safety valve that allows a person who has a deferred adjudication order entered against him to argue that the offense he committed was actually a different offense from the one for which the order was entered. Hagen's offense, when he committed it, was a Title 5 offense. *See* Act of May 23, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 912-13. The offense, as alleged in the information and to which Hagen pleaded guilty, is the present offense of manslaughter, which is a Title 5 offense. Accordingly, Hagen is ineligible for a license because, pursuant to the relevant statutes, he stands convicted of a Title 5 felony offense.[3] We sustain the Department's issue.

## DISPOSITION

Having sustained the Department's sole issue, we *reverse* and *render* judgment for the Department of Public Safety that Hagen is not eligible for a concealed handgun license.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[3] Executive clemency is an option available to persons who are otherwise ineligible to be licensed to carry a concealed weapon. *See* TEX. GOV'T CODE ANN. § 411.171(4)(B).