**Pedro MARTINEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–155–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 28, 1985.

Rehearing Denied March 21, 1985.

**48**

Arnold Medina, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before KENNEDY, UTTER and KEITH,[1] JJ.

## OPINION

KENNEDY, Justice.

In a trial before a jury appellant was convicted of aggravated assault. Punishment was assessed by the trial court at six years' confinement and a fine of $3,000.

In his first ground of error, appellant contends that the State failed to prove that the victim of appellant's assault suffered serious bodily injury as alleged in the indictment and as required by the charge to be proved. TEX.PENAL CODE ANN. § 1.07(a)(34) of the Texas Penal Code (Vernon 1974) defines "serious bodily injury" to mean "bodily injury that creates a substantial risk of death *or that causes death,* serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." [Emphasis added]. In the abstract portion of the charge, the trial court defined "serious bodily injury" substantially as above, but omitted the emphasized words and added "or" before the phrase "serious permanent disfigurement." The State concedes, although appellant does not contend, that the effect of the omitted words was to cause the State to be unable to present the "protracted impairment of the function of a bodily organ" theory of guilt to the jury. However, the obvious intent of the trial court was to eliminate the words "or that causes death" from the jury's consideration because there was no death in this case. To hold that the trial court's attempt to simplify the charge waived one of the State's established theories of guilt would indeed be an overly narrow reading of the charge, especially unjustified where, as here, no objections to the charge were offered.

Several witnesses testified at trial that appellant stabbed the victim. Uncontroverted trial evidence established that the victim was stabbed in the stomach, underwent surgery and hospital care for approximately a week, and was forced to wear a colostomy bag for some time. The State also introduced testimony from the hospital supervisor of medical records; the history of the victim's treatment was introduced into evidence and showed the seriousness of the injury to his colon. The records refer to "massive hemorrhage", loss of a "great deal of blood" and "massive adhe-

1. Associate Justice (Ret.), Court of Appeals, Ninth Supreme Judicial District, sitting by designation. TEX.REV.CIV.STAT.ANN. art. 1812(d) (Vernon Supp.1985).

sions." After entering the Emergency Room, appellant was taken immediately to the Operating Room, and then to the Intensive Care Unit. The stabbing occurred on or about March 8, 1983; the hospital records show that the victim did not re-enter the hospital to have the colostomy bag removed until June 7, 1983, and was not discharged from the hospital until June 14, 1983, after which he was to be treated as an outpatient. We hold that the evidence clearly shows that appellant caused serious bodily injury *both* by creating a substantial risk of the victim's death *and* by causing protracted loss or impairment of a "bodily member or organ." The evidence is sufficient to support the conviction, and appellant's first ground of error is overruled.

■ Appellant's indictment charged him with causing serious bodily injury by stabbing his victim with a knife. In the abstract portion of the charge the trial court provided the jury with a definition of assault, and defined "aggravated assault" as an assault committed with a deadly weapon. The trial court then defined "deadly weapon." In his second ground of error appellant contends that because appellant's indictment did not allege the use of a deadly weapon, the charge authorized a conviction on a theory not presented in the indictment, thus amounting to fundamental error. However, the language used in the *application* portion of the charge directly "tracked" the indictment, and did not refer to a "deadly weapon."

As defined in TEX.PENAL CODE ANN. § 22.02 (Vernon Supp.1985) aggravated assault may be committed under any of four different theories. The abstract portion of the charge erroneously suggested that the State was proceeding on the theory that appellant committed aggravated assault because he used a deadly weapon; however, both the indictment and the application portion of the charge authorized conviction only under the theory that appellant caused serious bodily injury to another person. Thus, the jury was never authorized to *convict* appellant for using a deadly weapon, or for merely causing injury with a

deadly weapon. Again, in order to convict appellant, the jury had to find that he caused serious bodily injury to another person.

In the case of *Hudson v. State*, 675 S.W.2d 507 (Tex.Crim.App.1984) the court stated:

"The portion of the charge to which we look to determine whether the charge is *fundamentally* defective is the part which applied the law to the facts of the case, i.e., the application paragraph. *Lewis v. State*, 656 S.W.2d 472, 474 (Tex. Cr.App.1983), and cases cited therein. It follows that a charge will not be found *fundamentally* defective for improper or omitted definitions in the abstract portion of the charge, *Naim v. State*, 644 S.W.2d 746 (Tex.Cr.App.1983), because if the portion of a jury charge applying the law to the facts instructs the jury with respect to every element of the offense, and if the charge does not authorize a conviction on proof of less than all of the requisite elements of the offense, no fundamental error will exist. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979).

"Appellant made no objection to the charge, see, Article 36.14, V.A.C.C.P., and requested no special charges, see Article 36.15, V.A.C.C.P. Moreover, the application paragraph correctly applied the law to the facts of the case, distinctly requiring the jury to find appellant did [commit the aggravating element of the offense] charged in the indictment. No fundamental error is shown. *Lewis v. State*, supra; *Cumbie v. State*, supra."

In the case before us, appellant made no objection to the charge and requested no special charges. The application paragraph correctly applied the law to the facts of the case. If the jury *had* considered *both* the application paragraph and the abstract paragraph referring to a deadly weapon, it would have had to have found *both* that a deadly weapon was used *and* that appellant had caused serious bodily injury—a more burdensome quantum of proof for the *State*, and not an expansion of liability for

appellant. Appellant's second ground of error is overruled.

Similarly, in his third ground of error, appellant "contends that the trial court committed fundamental error by commenting on the weight of the evidence in submitting to the jury a charge that assume[d] that a knife was a deadly weapon."

In the abstract portion of the charge, the trial court defined the term "deadly weapon" as provided for in TEX.PENAL CODE ANN. § 1.07(11)(B) of the Texas Penal Code (Vernon 1974). Below the verdict form and carefully delineated from the guilt and innocence paragraphs, the trial court provided a "Special Issue On Use of a Deadly Weapon" in which the jury was asked whether appellant, in committing aggravated assault, did or did not use a deadly weapon, namely a knife. The "Special Issue" was to be answered only if appellant was found guilty; the jury answered the "Special Issue" affirmatively. Nowhere in the charge did the trial court assume that the knife was a deadly weapon.

For the reasons stated in overruling appellant's second ground of error, no fundamental error exists. No trial objection was made to this form of charge and nothing is presented for review. *Nelson v. State,* 607 S.W.2d 554 (Tex.Crim.App.1980). The definition submitted was to aid the jury in answering the "Special Issue" *only in the event a guilty verdict was rendered.* In addition, the judgment does not reflect that, pursuant to TEX.CODE CRIM. PROC.ANN. art. 42.12B § 3f(a)(2) of the Texas Code of Criminal Procedure (Vernon Supp.1985), the trial court even entered the jury's affirmative finding that appellant used a deadly weapon. We find no error in the court's charge, and no prejudice to appellant. All of appellant's grounds of error are overruled and the judgment of the trial court is AFFIRMED.

## OPINION ON REHEARING

We are aware of the recent decision of the court of Criminal Appeals in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.

1985) which overrules *Cumbie v. State,* 578 S.W.2d 732 (Tex.Crim.App.1979) in the following language:

"To the extent that it holds any charge error requires 'automatic' reversal, *Cumbie v. State,* 578 S.W.2d 732 (TEX. CRIM.APP.1979) is overruled, as are all of the opinions inconsistent herewith."

This we cite as further, and more all-encompassing, authority for overruling appellant's second ground of error. We have reconsidered appellant's arguments in light of *Almanza* and adhere to our original disposition. The judgment of the trial court is AFFIRMED.