In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-231 CV


 ______________________


 

WILLIAM CHRIS SATTERFIELD, Appellant



V.



TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee






On Appeal from the County Court at Law No. 1


 Jefferson County, Texas


Trial Cause No. 103385






OPINION


 The Texas Department of Public Safety denied William Chris Satterfield's 2005
application for renewal of his concealed handgun license because of a 1962 misdemeanor
conviction for aggravated assault. The Department contends the offense, though a
misdemeanor at the time of conviction, is a felony for purposes of Satterfield's eligibility for
the concealed handgun license. (1) At Satterfield's request, a hearing was conducted before a
justice of the peace. See Tex. Gov't Code Ann. § 411.180 (a)-(c) (Vernon 2005). The
court overturned the denial. The Department appealed to the county court-at-law. See Tex.
Gov't Code Ann. § 411.180(e) (Vernon 2005). That court considered the case de novo and
affirmed the Department's decision. Satterfield appeals the ruling of the county court-at-law. (2) We reverse the court's order and remand the cause for a new evidentiary hearing. 

The Concealed Handgun Licensing Statute Defines "Felony"


 Chapter 411 of the Texas Government Code governs concealed handgun licensing. 
See Tex. Gov't Code Ann. §§ 411.171-.208 (Vernon 2005 & Supp. 2006). The statute
provides that a person convicted of a felony is not eligible for a license to carry a concealed
handgun. See Tex. Gov't Code Ann. § 411.172(a)(3) (Vernon Supp. 2006). In 2003, the
statute was amended to define "felony" for the purpose of the statute as, among other things,
an offense designated by a law of this state as a felony "at the time of a person's application
for a license to carry a concealed handgun[.]" See Act of May 24, 2003, 78th Leg., R.S., ch.
255, § 1, 2003 Tex. Gen. Laws 1162. 

 In a case decided under the prior licensing statute, the applicant's offense was a felony
at the time of his conviction. See Tex. Dep't of Pub. Safety v. Kreipe, 29 S.W.3d 334, 335-38
(Tex. App.-- Houston [14th Dist.] 2000, pet. denied). By the time he applied for a license
over twenty years later, the Legislature had reduced the type of offense to a misdemeanor. 
Id. Under the prior licensing statute, the applicant was disqualified nevertheless. The
Fourteenth Court of Appeals stated, "Had the Legislature intended to bar licenses only to
individuals convicted of felonies as defined by the criminal law as it existed at the time of
enactment of the licensing law, the Legislature could have done so." Id. at 338. "If the
Legislature wishes to allow individuals in Kreipe's position to obtain concealed-handgun
licenses, it is free to do so." Id. In 2003, the Legislature amended the licensing statute. This case involves the effect of that 2003 amendment on an applicant convicted for
assaultive conduct in 1962. Prior to the 2003 amendment, an offense was considered a
felony under the statute if the offense was a felony at the time of conviction. See Kreipe,
29 S.W.3d at 338; see also Tex. Dep't of Pub. Safety v. Randle, 31 S.W.3d 786, 788 (Tex.
App.--Houston [1st Dist.] 2000, no pet.). In effect, the 2003 amendment to the concealed
handgun licensing statute requires reconsideration of the offense "conduct" (3) as viewed at the
time of the application -- with possible re-characterization of the offense for the purpose of
the licensing statute -- rather than at the time of commission of the offense. 

The Offense of "Aggravated Assault"


 "Aggravated assault" was a misdemeanor in 1962. (4) Under then article 47, "[a]n
offense which may -- not must -- be punishable by death or by confinement in the
penitentiary is a felony; every other offense is a misdemeanor." Tex. Pen. Code art. 47
(Vernon 1948). An "assault and battery," under the law in effect in 1962, was defined as
follows:

 The use of any unlawful violence upon the person of another with intent to
injure him, whatever be the means or the degree of violence used. . . . Any
attempt to commit a battery, or any threatening gesture showing in itself or by
words accompanying it, an immediate intention, coupled with an ability to
commit a battery, is an assault. 


Tex. Pen. Code art. 1138 (1948). An assault or battery became "aggravated," but was still
a misdemeanor, under any of the following circumstances: 

 (1) When committed upon an officer in the lawful discharge of the duties
of his office, if it was known or declared to the offender that the person
assaulted was an officer discharging an official duty.

 (2) When committed in a Court of Justice, or in any place of religious
worship, or in any place where persons are assembled for the purpose of
innocent amusement.

 (3) When the person committing the offense goes into the house of a
private family and is there guilty of an assault and battery.

 (4) When committed by a person of robust health or strength upon one who
is aged or decrepit.

 (5) When the instrument or means used is such as inflicts disgrace upon the
person assaulted, as an assault or battery with a whip or cowhide.

 (6) When a serious bodily injury is inflicted upon the person assaulted.

 (7) When committed with deadly weapons under circumstances not
amounting to an intent to murder or maim.

 (8) When committed with premeditated design, and by the use of means
calculated to inflict great bodily injury.

 (9) When committed by an adult male upon the person of a female or child
or by an adult female upon the person of a child.

 This subsection (9) of section 1 shall not apply to the act of a person
who fondles the sexual parts or places, or attempts to place his or her hand or
hands upon or against the sexual parts of a male or female under the age of
fourteen (14) years, or who fondles or attempts to fondle, or places or attempts
to place his or her hand or hands, or any part of his or her hands upon the
breast of a female under the age of fourteen (14) years, which acts are
elsewhere made unlawful.

 (10) When committed with a knife under circumstances not amounting to an
intent to murder or maim.


Act of May 10, 1955, 54th Leg., R.S., ch. 430, §1, 1955 Tex. Gen. Laws 1143. The potential
punishment for misdemeanor aggravated assault in 1962 was a fine of at least $25 but not
more than $1,000; or imprisonment in a jail [not a penitentiary] for at least one month but not
more than two years; or both fine and imprisonment. See Tex. Pen. Code art. 1148 (1948). 
Satterfield's punishment was a $25 fine. He claims the aggravating factor for his offense
was the place the assault occurred: a bar, which, he argues, was "any place where persons are
assembled for the purpose of innocent amusement[.]" (5) 

 The Legislature raised aggravated assault to a felony offense in 1973. (6) See Act of
May 24, 1973, 63rd Leg., R.S. ch. 399, §1, sec. 22.02(c), 1973 Tex. Gen. Laws 883, 919. 
At that time, various aggravating factors were removed from the offense of aggravated
assault: assault by an "adult male upon the person of a female"; assault committed "in any
place of religious worship, or in any place where persons are assembled for the purpose of
innocent amusement;" and assault "when the instrument or means used is such as inflicts
disgrace upon the person assaulted, as an assault or battery with a whip or cowhide." Id..,
compare Act of May 10, 1955, 54th Leg. R.S., ch. 430, §1, 1955 Tex. Gen. Laws 1143; Tex.
Pen. Code Ann. § 22.02 (Vernon Supp. 2006). The aggravating factors in the statute at the
time of Satterfield's 2005 application included the following: causing serious bodily injury
to another; using or exhibiting a deadly weapon during the commission of an assault; an
assault committed by a public servant acting under color of the servant's office or
employment; an assault against a public servant while on duty, or in retaliation for the
exercise of his duty; an assault committed in retaliation against a witness, prospective
witness, or one who reports a crime; and an assault against one the actor knows is a security
officer performing the officer's duty. See Tex. Pen. Code Ann. § 22.02 (Vernon Supp.
2006). 

The Appellate Issues


 In issue one, Satterfield argues the evidence is legally insufficient to support the trial
court's denial of his application. In issue two, he argues broadly the trial court erred in
finding him disqualified from obtaining a concealed handgun license. Satterfield relies on
the fact that his conviction was a misdemeanor in 1962, and the elements of the 1962
aggravated assault differ from the elements of an aggravated assault at the time of his license
application. He contends the current classification system would make the offense for which
he was convicted a misdemeanor under section 22.01 of the Penal Code; that is, an "assault,"
not an "aggravated assault." See Tex. Pen. Code Ann. § 22.01 (Vernon Supp. 2006); Tex.
Pen. Code Ann. § 12.23 (Vernon 2003) ("An individual adjudged guilty of a Class C
misdemeanor shall be punished by a fine not to exceed $500."); see also Tex. Pen. Code
Ann. § 12.41 (Vernon 2003).

 Arguing the irrelevancy of the actual elements of the 1962 offense, the Department
maintains section 411.172(b)(1)(B) requires a comparison with the contemporary aggravated
assault statute, not the statute in effect in 1962. The Department asserts that at the time of
Satterfield's renewal application, the offense of aggravated assault was designated by Texas
law as a felony. Furthermore, the Department notes aggravated assault now has all the
elements of a felony offense and is punishable by confinement for one year or more in a
penitentiary. 

A New Evidentiary Hearing


 Under section 411.180(c) and (e), the denial of the application must be supported at
the court hearing by a preponderance of the evidence. See Tex. Gov't Code Ann. §
411.180(c),(e) (Vernon 2005); see also McLendon v. Tex. Dep't of Pub. Safety, 985 S.W.2d
571, 574 (Tex. App.-- Waco 1998), rev'd on other grounds, Tex. Dep't of Pub. Safety v.
McLendon, 35 S.W.3d 632 (Tex. 2000). The statute provides that if the court determines 
the denial is not supported by a preponderance of the evidence, the court shall order the
Department to issue the license to the applicant. See Tex. Gov't Code § 411.180(c),(e). 
The statute, in effect, places the burden of proof at the hearing on the Department to support
the denial of the license. The Department may "use and introduce into evidence certified
copies of governmental records to establish the existence of certain events that could result
in the denial . . . of a license, under this subchapter, including records regarding convictions
. . . ." Id., § 411.180(h) (Vernon 2005). 

 When section 411.172(b) speaks of "offense," the term encompasses the offense
elements and the conduct for which the person was charged and convicted. The question
here is whether the offense, as informed by the conduct in 1962, would have constituted a
felony at the time Satterfield applied for the license. The only evidence submitted by the
Department was proof of Satterfield's 1962 misdemeanor conviction. While some offenses
that were classified as aggravated assault misdemeanors in 1962 would be designated as
felonies at the time of the application, not all would be. For example, if the aggravating
factor in 1962 was the causing of "serious bodily injury," the offense would be "designated
by the law of this state as a felony" at the time of Satterfield's 2005 application. But if the
aggravating factor in 1962 was that the assault occurred in a place "of innocent amusement,"
which is what Satterfield argues, that would not be an aggravating factor describing an
offense "designated by the law of this state as a felony" in 2005. The Department did not
submit as evidence any charging instrument or other record which set out the elements and
conduct of the offense for which Satterfield was convicted. The Department provided no
proof of the applicable "aggravating" factor. Without information on the applicable
aggravating factor for the 1962 misdemeanor conviction, it is not possible to determine
whether, at the time of Satterfield's 2005 renewal application, the offense under which he
was charged and convicted would be "designated by the law of this state as a felony." 

 Satterfield asks this Court to reverse and reform the judgment to permit him to obtain
the concealed handgun license, or order the trial court to renew the license. He asks for all
further relief to which he may be entitled. The Department proved a 1962 conviction for
aggravated assault. Some of the aggravating factors under the statute in effect in 1962 would
constitute felonies at the time of the renewal application. The aggravated assault conviction
is some evidence supporting the denial. Issue one is overruled. 

 The misdemeanor conviction by itself, however, is not sufficient evidence. On this
record, the court could not determine the aggravating factor applicable in 1962, and could
not determine if that aggravating factor was included in the aggravated assault felony statute
at the time of the application. The Department had the burden to support its denial of the
application by a preponderance of the evidence. See Tex. Gov't Code § 411.180(c),(e). 
Without proof of the aggravating factor that would give the 1962 misdemeanor conviction
felony status under the licensing statute and so disqualify Satterfield, the preponderance of
the evidence in the record does not support the denial. Issue two is sustained. 

 The evidence in the record is factually insufficient to support the court's finding of
a disqualifying conviction. We reverse the trial court's denial of the license, and remand the
cause for a new evidentiary hearing.

 REVERSED AND REMANDED.


 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 25, 2007

Opinion Delivered April 19, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Satterfield obtained a license but then was denied renewal of the license after the
statute was amended. The concealed handgun license statute as amended in 2003 provides
in part as follows:

 For the purposes of this section, an offense under the laws of this state, another

 state, or the United States is:

 (1) a felony if the offense, at the time of a person's application for a 
 license to carry a concealed handgun:

 (A) is designated by a law of this state as a felony;

 (B) contains all the elements of an offense designated by a law
of this state as a felony: or

 (C) is punishable by confinement for one year or more in a 
 penitentiary[.]

Tex. Gov't Code Ann. § 411.172(b) (Vernon Supp. 2006) (emphasis added). 
2. The Department contends Satterfield's request for findings of fact and conclusions
of law did not extend the appellate deadline, and this Court lacks jurisdiction. We disagree. 
There are fact issues concerning Satterfield's 1962 conviction that bear upon the
classification of that conviction for purposes of the concealed handgun statute. The appellate
deadlines were extended, the appeal was timely filed, and this Court has jurisdiction to
consider the appeal. See Tex. R. App. P. 26.1(a)(4). 
3. The Penal Code states that the "general purposes of this code are to establish a system
of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably
causes or threatens harm to those individual or public interests for which state protection is
appropriate." Tex. Pen. Code Ann. § 1.03 (Vernon 2003) (emphasis added).
4. See Act of May 10, 1955, 54th Leg., R.S., chap. 430, §1, 1955 Tex. Gen. Laws 1143;
Tex. Pen Code art. 47 (Vernon 1948). 
5. Satterfield offered no evidence at the evidentiary hearing in the county court-at-law. 
He refers in his brief to an affidavit attached to his answer stating (to the best of his
knowledge) that the offense involved a fight in a bar. 
6. In 1973 the Legislature repealed the Penal Code in effect at that time and replaced
it with new and distinct legislation. See Act of May 24, 1973, 63rd Leg., R.S. ch. 399, §§ 3,
5, 1973 Tex. Gen Laws 883, 993, 995. See also generally Day v. State, 534 S.W.2d 681, 683
(Tex. Crim. App. 1976) ("This Court must do its duty to insure that changes in the law
effected by enactment of the new [Texas Penal] Code are not rendered meaningless by
judicial construction that merely reinstates the old Code.").