NO. 07-07-0037-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 10, 2007


______________________________



TEXAS DEPARTMENT OF PUBLIC SAFETY, 


 

 Appellant


v.



DAVID EDWARD PRICE, 



 Appellee

_________________________________



FROM THE COUNTY COURT OF HUTCHINSON COUNTY;



NO. 5805; HON. FAYE BLANKS, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 The Texas Department of Public Safety (DPS) appeals from an order granting David
Edward Price (Price) a concealed handgun license. Via two issues, the DPS contends that
the trial court erred in 1) finding that Price had not been convicted of a prior felony and 2)
awarding Price attorney's fees. We reverse and render.

Background


 According to the record before us, Price applied for and received a license to carry
a concealed handgun in 2001. Effort was made to renew the license in 2005. It went for
naught because the DPS denied his renewal application on February 24, 2006. The
reason given for its decision involved the applicant's conviction for aggravated assault in
1963. Though considered a misdemeanor at the time, the offense consisted of Price and
another instigating a fight against a person named Loyd Crawford. Price and his
compatriot had and used a knife during the encounter, while the victim did not. And,
though only the compatriot stabbed Crawford, both attackers fled to Vidor, Texas, to avoid
apprehension. Shortly after the two fled, the victim was taken to the hospital by the local
police due to heavy bleeding. There it was discovered that he had been stabbed in the
stomach and neck, among other places. Eventually, appellant was arrested in Vidor and
returned to face prosecution.

Issue One - Prior Felony Conviction


 The DPS contends that even though aggravated assault was a class A
misdemeanor in 1963, it has since been reclassified as a felony. As such, it bars renewal
of Price's handgun license. We sustain the point. 

 Under the Concealed Handgun Act (the Act) one is ineligible for a license if he has
been "convicted of a felony." See Tex. Gov't Code Ann. §411.172(a)(3) (Vernon 2005). 
Yet, when Price first obtained the license, the statute read in a way that required a
snapshot, so to speak, of the classification of the crime at the time of conviction. See Tex.
Dep't of Pub. Safety v. Kreipe, 29 S.W.3d 334, 335-38 (Tex. App.-Houston [14th Dist.]
2000, pet. denied). In other words, if the offense at the time of conviction was considered
something less than a felony, then the conviction did not bar the applicant from obtaining
the license. See Tex. Dep't of Pub. Safety v. Randle, 31 S.W.3d 786, 788 (Tex.
App.-Houston [1st Dist.] 2000, no pet.).

 However, in 2003, the pertinent statute was amended. Since then the provision
states that an offense constitutes a felony if "at the time of the person's application for a
license to carry a concealed handgun" it 1) "is designated by a law of this state as a
felony," 2) "contains all the elements of an offense designated by a law of this state as a
felony," or 3) "is punishable by confinement for one year or more in a penitentiary." Tex.
Gov't Code Ann. §411.172(b)(1)(a)-(c) (emphasis added). The effect of this change is to
"require[] reconsideration of the offense 'conduct' as viewed at the time of the application--with possible re-characterization of the offense for the purpose of the licensing
statute--rather than at the time of commission of the offense." Satterfield v. Dept. of Public
Safety, 221 S.W.3d 909, 911 (Tex. App.-Beaumont 2007, no pet. h.).

 One further amendment merits comment. It occurred in 1973 and involved the
offense of aggravated assault. During that year, the legislature reclassified the crime from
a misdemeanor to a felony. See Act of May 24, 1973, 63rd Leg., R.S. ch. 399, §1,
§22.02(c), 1973 Tex. Gen. Laws 883, 919. 

 Comparing the foregoing amendments to the evidence of record, we arrive at the
following conclusion. Though Price may have been eligible for a concealed handgun
permit back in 2001 when he originally obtained one, he was not eligible for another after
the first expired four years later. This is so because by 2005, his 1963 crime of aggravated
assault was no longer a misdemeanor but rather a felony through name and circumstance. 
Not only had the legislature so denominated it but also the circumstances of the crime
made it such. Regarding the latter, Price admitted to being a party to the stabbing of
Crawford. Furthermore, Crawford necessitated medical attention as well as a blood
transfusion and stitches due to the stabbing. From the location of the cuts and their
obvious gravity given the extensive blood loss he suffered, one could rationally conclude
that the victim suffered serious bodily injury, and we find no evidence contradicting that. 
So, because Crawford suffered such injury, the offense committed by Price rose to the
level of felony aggravated assault. See Satterfield v. D.P.S., 221 S.W.3d at 914 (holding
that, if the aggravating factor in 1962 was the cause of "serious bodily injury," the offense
would be "designated by the law of this state as a felony" at the time of Satterfield's 2005
application); see Tex. Pen. Code Ann. §22.02 (Vernon Supp. 2006) (defining aggravated
assault as an assault causing serious bodily injury to another; or using or exhibiting a
deadly weapon during the commission of an assault; an assault committed by a public
servant acting under color of the servant's office or employment; an assault against a
public servant while on duty, or in retaliation for the exercise of his duty; an assault
committed in retaliation against a witness, prospective witness, or one who reports a crime;
and an assault against one the actor knows is a security officer performing the officer's
duty); see also Tex. Pen. Code Ann. §1.07(a) (46) (Vernon 2003) (defining serious bodily
injury as bodily injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of any bodily
member or organ); Martinez v. State, 694 S.W.2d 47, 48-49 (Tex. App.-Corpus Christi
1985, pet. ref'd) (holding that one suffered serious bodily injury when he was stabbed with
a knife and suffered extensive blood loss); Tex. Pen. Code Ann. §22.02(b) (Vernon Supp.
2006) (denominating aggravated assault as a felony). 

 In concluding as we do, we are cognizant of Price's argument regarding the
supposed impermissible retroactive application of the amendments. Yet, we find nothing
impermissible in our conclusion. First, application of the amendments lacks true
retroactivity. This is so because Price did not receive a never ending license back in 2001. 
Rather, statute dictated that it expire within four years of issuance. Tex. Gov't Code Ann.
§411.183 (Vernon Supp. 2006). So, upon its expiration, he had nothing to affect viz the
supposed retroactive application of any law. Instead, if he cared to secure another license,
he had to apply for one. 

 Second, the words of the statute are plain and clear, and we have to so interpret
them. See Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865 (Tex.
1999) (stating that legislation must be construed as written by assigning words their plain
and ordinary meaning). And, those plain and clear words mandate classification of the
offense as of the time application for the gun permit is sought, not when the crime
occurred. Had the legislature cared to insulate from the effect of its amendments those
applicants seeking another license once their first expired, it could have so stated, but it
did not. 

 In sum, Price was not entitled to a license to carry a concealed handgun if he had
been convicted of a felony. And, the evidence can lead to but one conclusion; he had
been convicted of a felony. In holding otherwise, the trial court erred.

Issue Two - Attorneys' Fees


 Next, the DPS contends the trial court erred by awarding attorneys' fees to Price. 
In light of our disposition of issue one, we agree and sustain the issue.

 Having sustained both issues, we reverse the judgment of the trial court and render
judgment denying Price's application for a license to carry a concealed handgun.


 Brian Quinn

 Chief Justice

 

 

 



sider
the latter two grounds, they were not preserved for review. Guevara v. State, 97 S.W.3d
579, 583 (Tex. Crim. App. 2003) (holding that when the objection at trial fails to comport
with that on appeal, the complaint is waived).
          Lastly, evidence was introduced at trial illustrating that after the victim told police 
appellant had assaulted her, appellant called the investigating police officer. The officer 
asked appellant if he was willing to be tested for sexually transmitted diseases.


 Appellant
agreed to be tested but said that he could not afford it. This led the officer to make
arrangements for the cost to be waived and he informed appellant of that and of a date he
arranged for testing. Appellant again agreed to undergo testing and informed the officer
that he would give the officer his statement after the test. Appellant, however, failed to
appear for the appointment; instead, he left Lubbock. This being evidence presented at
trial, the prosecutor was entitled to summarize it during his closing argument. See Gallo
v. State, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007), cert. denied, ___ U.S. ___, 128
S.Ct. 2872, 171 L.Ed.2d 813 (2008) (stating that summation of the evidence is a
permissible area for jury argument). 
          We overrule the issues.
          Issues 4 and 5 - Notice of Expert Witness
          Through the next two issues, appellant questions the trial court’s decision to overrule
his objection to expert testimony and purportedly deny his motion for continuance. We find
the following faults with the contentions.
          First, the record does not reflect that the trial court ruled on the specific objections
now urged by appellant. Other of his objections were overruled after the trial court
conducted a hearing to determine if the witness in question, Mike Betancourt, was qualified
to testify as an expert. Without a ruling, a complainant generally does not preserve for
review his complaint. Lopez v. State, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008). 
          Second, appellant mistakenly contends that he was denied prior notice of the
State’s intent to call Betancourt as an expert. Betancourt’s name appeared on the State’s
witness list with the notation: “CAC; forensic interviewer; expert regarding forensic
interview, including signs and symptoms of sexual abuse and/or child abuse.” (Emphasis
added). Moreover, defense counsel represented to the trial court that he received the
document containing the aforesaid statement. Thus, the State did not neglect to identify
Betancourt as a potential expert witness. 
          Third, the prosecutor informed the trial court that Betancourt had not prepared an
expert report and that the forensic interview and drawings made during the interview had
been provided to appellant. Defense counsel acknowledged receiving this information. 
So too did counsel represent that he would encounter no surprise if the scope of
Betancourt’s testimony did not exceed the scope of the data given counsel. Finally,
appellant does not argue that the witness’ testimony exceeded the scope of what was
contained in those documents. Nor does he claim surprise or prejudice on appeal. Gallo
v. State, 239 S.W.3d at 765 (requiring the appellant to show how permitting the witness
to testify caused prejudice). 
          Fourth, appellant failed to cite us to that portion of the record containing his
purported motion for continuance. Nor did our review of the record fill the void for we found
no request for a continuance being sought due to the supposed failure to disclose 
Betancourt’s identity or the substance of his testimony. Whether this deficiency (if not
misrepresentation) in appellant’s briefing was accidental or intentional is unknown.


 
Nonetheless, the trial court cannot be faulted for purportedly denying relief which appellant
did not request. 
          The issues are overruled.
          Issue 6 - Newspaper Article
          Next, appellant argues that the trial court erred in refusing to poll the jury about a
newspaper article concerning the trial.


 Yet, appellant fails to cite us to where in the record
this matter was broached to and rejected by the trial court. Thus, he did not adequately
brief the issue. See Moreno Denoso v. State, 156 S.W.3d 166, 183 (Tex. App.–Corpus
Christi 2005, pet. ref’d) (requiring the litigant to cite to the record or risk waiving his
complaint). 
          Additionally, the trial court instructed the jury, before trial began, against reading 
any newspaper articles about the case. So too did it remind the jury to obey its instructions
when the jury recessed after the first day’s testimony. We generally presume that the jury
follows judicial instructions. Thrift v. State, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005);
Dixon v. State, 64 S.W.3d 469, 475 (Tex. App.–Amarillo 2001, pet. ref’d). And, while that
presumption may be rebutted, appellant cited us to nothing of record suggesting that the
admonishment was violated. See Thrift v. State, 176 S.W.3d at 224 (requiring the
appellant to direct the court to evidence illustrating that the jury violated the instruction). 
          Next, having instructed the jury not to read newspaper articles, the trial court was
not required to poll the jury as to whether any member read the piece. See Powell v. State,
898 S.W.2d 821, 828 (Tex. Crim. App. 1994) (stating that the court was not required to poll
the jury members as to whether they had read a newspaper article when the court had
frequently admonished the jury not to read any such articles and polling the members
created a risk of calling to their attention an article of which they might not otherwise be
aware). So, we reject appellant’s contention that a poll was needed.
          Appellant’s sixth issue is overruled.
           Issue 7 - Admonishment of Counsel
          Finally, appellant attacks the manner in which the trial court admonished both
counsel when the child victim returned to the witness stand after an evening’s recess and
neither party chose to question her. That admonishment consisted of the court saying: 
Well, that was painless. You can step down. We’re done. Thank you.
Counsel, if you all don’t mind, if you all would let me know something like that
before we have everybody brought in, that would be really helpful.

(Emphasis added). Moreover, no one objected to it. Nor was the comment of the ilk that
would tend to taint the presumption of innocence afforded to the defendant given that it
was directed to both counsel and dealt with a way to minimize delay. Thus, any complaint
that appellant may have had about it was waived. Tex. R. App. P. 33.1(a)(1): see Blue v.
State, 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000) (noting that comments to the jury
may be fundamental error when they taint the defendant’s presumption of innocence). 
          We overrule the issue.
          The judgments of the trial court are affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
                        
Do not publish.