NO. 07-07-0037-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 10, 2007
_____

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Appellant

v.

DAVID EDWARD PRICE,

Appellee
_____

FROM THE COUNTY COURT OF HUTCHINSON COUNTY;

NO. 5805; HON. FAYE BLANKS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The Texas Department of Public Safety (DPS) appeals from an order granting David Edward Price (Price) a concealed handgun license. Via two issues, the DPS contends that the trial court erred in 1) finding that Price had not been convicted of a prior felony and 2) awarding Price attorney's fees. We reverse and render.

### *Background*

According to the record before us, Price applied for and received a license to carry a concealed handgun in 2001. Effort was made to renew the license in 2005. It went for

naught because the DPS denied his renewal application on February 24, 2006. The reason given for its decision involved the applicant's conviction for aggravated assault in 1963. Though considered a misdemeanor at the time, the offense consisted of Price and another instigating a fight against a person named Loyd Crawford. Price and his compatriot had and used a knife during the encounter, while the victim did not. And, though only the compatriot stabbed Crawford, both attackers fled to Vidor, Texas, to avoid apprehension. Shortly after the two fled, the victim was taken to the hospital by the local police due to heavy bleeding. There it was discovered that he had been stabbed in the stomach and neck, among other places. Eventually, appellant was arrested in Vidor and returned to face prosecution.

### *Issue One – Prior Felony Conviction*

The DPS contends that even though aggravated assault was a class A misdemeanor in 1963, it has since been reclassified as a felony. As such, it bars renewal of Price's handgun license. We sustain the point.

Under the Concealed Handgun Act (the Act) one is ineligible for a license if he has been "convicted of a felony." *See* TEX. GOV'T CODE ANN. §411.172(a)(3) (Vernon 2005). Yet, when Price first obtained the license, the statute read in a way that required a snapshot, so to speak, of the classification of the crime at the time of conviction. *See Tex. Dep't of Pub. Safety v. Kreipe*, 29 S.W.3d 334, 335-38 (Tex. App.–Houston [14th Dist.] 2000, pet. denied). In other words, if the offense at the time of conviction was considered something less than a felony, then the conviction did not bar the applicant from obtaining

the license.  *See Tex. Dep't of Pub. Safety v. Randle*, 31 S.W.3d 786, 788 (Tex. App.–Houston [1st Dist.] 2000, no pet.).

However, in 2003, the pertinent statute was amended.  Since then the provision states that an offense constitutes a felony if *"at the time of the person's application* for a license to carry a concealed handgun" it 1) "is designated by a law of this state as a felony," 2) "contains all the elements of an offense designated by a law of this state as a felony," or 3) "is punishable by confinement for one year or more in a penitentiary."  TEX. GOV'T CODE ANN. §411.172(b)(1)(a)-(c) (emphasis added).  The effect of this change is to "require[] reconsideration of the offense 'conduct' as viewed at the time of the application-- with possible re-characterization of the offense for the purpose of the licensing statute--rather than at the time of commission of the offense."  *Satterfield v. Dept. of Public Safety,* 221 S.W.3d 909, 911 (Tex. App.–Beaumont 2007, no pet. h.).

One further amendment merits comment.  It occurred in 1973 and involved the offense of aggravated assault.  During that year, the legislature reclassified the crime from a misdemeanor to a felony.  *See* Act of May 24, 1973, 63rd Leg., R.S. ch. 399, §1, §22.02(c), 1973 Tex. Gen. Laws 883, 919.

Comparing the foregoing amendments to the evidence of record, we arrive at the following conclusion.  Though Price may have been eligible for a concealed handgun permit back in 2001 when he originally obtained one, he was not eligible for another after the first expired four years later.  This is so because by 2005, his 1963 crime of aggravated assault was no longer a misdemeanor but rather a felony through name and circumstance.  Not only had the legislature so denominated it but also the circumstances of the crime

3

made it such. Regarding the latter, Price admitted to being a party to the stabbing of Crawford. Furthermore, Crawford necessitated medical attention as well as a blood transfusion and stitches due to the stabbing. From the location of the cuts and their obvious gravity given the extensive blood loss he suffered, one could rationally conclude that the victim suffered serious bodily injury, and we find no evidence contradicting that. So, because Crawford suffered such injury, the offense committed by Price rose to the level of felony aggravated assault. *See Satterfield v. D.P.S.*, 221 S.W.3d at 914 (holding that, if the aggravating factor in 1962 was the cause of "serious bodily injury," the offense would be "designated by the law of this state as a felony" at the time of Satterfield's 2005 application); *see* TEX. PEN. CODE ANN. §22.02 (Vernon Supp. 2006) (defining aggravated assault as an assault causing serious bodily injury to another; or using or exhibiting a deadly weapon during the commission of an assault; an assault committed by a public servant acting under color of the servant's office or employment; an assault against a public servant while on duty, or in retaliation for the exercise of his duty; an assault committed in retaliation against a witness, prospective witness, or one who reports a crime; and an assault against one the actor knows is a security officer performing the officer's duty); *see also* TEX. PEN. CODE ANN. §1.07(a) (46) (Vernon 2003) (defining serious bodily injury as bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ); *Martinez v. State*, 694 S.W.2d 47, 48-49 (Tex. App.–Corpus Christi 1985, pet. ref'd) (holding that one suffered serious bodily injury when he was stabbed with a knife and suffered extensive blood loss); TEX. PEN. CODE ANN. §22.02(b) (Vernon Supp. 2006) (denominating aggravated assault as a felony).

4

In concluding as we do, we are cognizant of Price's argument regarding the supposed impermissible retroactive application of the amendments. Yet, we find nothing impermissible in our conclusion. First, application of the amendments lacks true retroactivity. This is so because Price did not receive a never ending license back in 2001. Rather, statute dictated that it expire within four years of issuance. TEX. GOV'T CODE ANN. §411.183 (Vernon Supp. 2006). So, upon its expiration, he had nothing to affect *viz* the supposed retroactive application of any law. Instead, if he cared to secure another license, he had to apply for one.

Second, the words of the statute are plain and clear, and we have to so interpret them. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (stating that legislation must be construed as written by assigning words their plain and ordinary meaning). And, those plain and clear words mandate classification of the offense as of the time application for the gun permit is sought, not when the crime occurred. Had the legislature cared to insulate from the effect of its amendments those applicants seeking another license once their first expired, it could have so stated, but it did not.

In sum, Price was not entitled to a license to carry a concealed handgun if he had been convicted of a felony. And, the evidence can lead to but one conclusion; he had been convicted of a felony. In holding otherwise, the trial court erred.

### *Issue Two - Attorneys' Fees*

Next, the DPS contends the trial court erred by awarding attorneys' fees to Price. In light of our disposition of issue one, we agree and sustain the issue.

5

Having sustained both issues, we reverse the judgment of the trial court and render judgment denying Price's application for a license to carry a concealed handgun.


Brian Quinn
Chief Justice