NUMBER 13-06-374-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


STEPHEN EARL MANWELL, Appellee.

 


On appeal from the County Court at Law No. 5


of Hidalgo County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Garza 


Opinion by Justice Rodriguez



 The Texas Department of Public Safety (the Department) appeals a judgment of the
county court-at-law that overruled the Department's decision to suspend the concealed
handgun license of appellee, Stephen Earl Manwell. By a single issue, the Department
claims the trial court failed to analyze or apply the law correctly. We reverse and render.

I. Background

 The Department suspended Manwell's concealed handgun license on the ground
that he was charged with the Class B misdemeanor offense of Driving While Intoxicated
(DWI). See Tex. Gov't Code Ann. § 411.187(a)(1) (Vernon 2005) (providing that a
concealed handgun license may be suspended if the holder is charged with, among other
things, a Class B misdemeanor); Tex. Penal Code Ann. § 49.04 (Vernon 2003)
(providing that a person commits an offense if the person is intoxicated while
operating a motor vehicle in a public place, and that the first DWI offense is a Class
B misdemeanor with a minimum 72 hour term of confinement). Manwell requested a
hearing on the decision before a justice of the peace. See Tex. Gov't Code Ann. §
411.180(a)-(c) (Vernon 2005). The justice court overruled the Department's suspension
of Manwell's license. The Department appealed to the county court. See id. § 411.180(e). 
At the hearing, Manwell acknowledged that he was charged with a Class B misdemeanor. 
Nonetheless, after considering the case de novo, the county court overruled the
suspension of Manwell's concealed handgun license, explaining that the ruling was "based
on the fact that the allegations against Manwell and his Class B charge are still pending." 
The county court's written order provided as follows:

 After considering the testimony and evidence presented, the Court finds that
the Department's suspension of the Licensee's license to carry a concealed
handgun is NOT supported by a preponderance of the evidence and that the
Department's petition should be DENIED.


The Department perfected its appeal to this Court, requested findings of fact and
conclusions of law, and filed a notice of late findings and conclusions. No findings of fact
or conclusions of law appear in the appellate record.

II. Applicable Law and Standard of Review

 "A license may be suspended . . . if the license holder . . . is charged with the
commission of a . . . Class B misdemeanor . . . under an information or indictment." Tex.
Gov't Code Ann. § 411.187(a)(1) (Vernon 2005). Under section 411.180(c) and (e), the
suspension of a concealed handgun license must be supported at the court hearing by a
preponderance of the evidence. See Tex. Gov't Code Ann. § 411.180(c),(e) (Vernon
2005); Satterfield v. Tex. Dep't of Pub. Safety, 221 S.W.3d 909, 913 (Tex. App.-Beaumont
2007, no pet.); see also Black's Law Dictionary 991-92 (8th Ed. 2005) (defining
"preponderance of the evidence" as "[t]he greater weight of evidence, not necessarily
established . . . by evidence that has the most convincing force"). Section 411.180 places
the burden of proof at the hearing on the Department to support the suspension of the
license. See Satterfield, 221 S.W.3d at 913. Pursuant to section 411.180, subsections (c)
and (e), if the court, after receiving evidence, determines that the suspension is supported
by a preponderance of the evidence, the court shall affirm the suspension. See Tex. Gov't
Code Ann. § 411.180(c),(e) (Vernon 2005); Satterfield, 221 S.W.3d at 913.

 Whether the Department's decision is supported by a preponderance of the
evidence is a question of law. See Tex. Dep't of Pub. Safety v. Butler, 110 S.W.3d 673,
675 (Tex. App.-Houston [14th Dist.] 2003, no pet.). Thus, we review the county court's
judgment de novo. See Tex. Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 800 (Tex.
App.-Corpus Christi, 2002, pet. denied).

III. Analysis

 By a single issue, the Department contends that the county court failed to analyze
or apply the law correctly when it overruled the Department's suspension of Manwell's
concealed handgun license. The Department asserts that the county court erred in
overruling its suspension of Manwell's concealed handgun license because the Department
met its burden of establishing by a preponderance of the evidence that Manwell's license
should be suspended. We agree.

 The Department suspended Manwell's license because he had been charged with
a Class B misdemeanor. Section 411.187(a)(1) of the government code provides that the
Department may do so. See Tex. Gov't Code Ann. § 411.187(a)(1) (Vernon 2005). At the
hearing before the county court, Manwell admitted that the charge was pending. No
conflicting evidence appears in the record. Thus, the preponderance of the evidence in
the record supports the suspension.

 The Department also contends that when a licensee is charged with a disqualifying
offense, including a Class B misdemeanor as in this case, the Department's determination
of whether to suspend the license is essentially a ministerial task and not a discretionary
one. See Tex. Gov't Code Ann. §§ 311.016(1), 411.187(a)(1) (Vernon 2005). We need
not reach this contention, however, because, as directed by statute, the county court, in
a trial de novo, "shall determine if the . . . suspension is supported by a preponderance of
the evidence," and "shall affirm the . . . suspension if the court determines that . . .
suspension is supported by a preponderance of the evidence." See id. § 411.180(c), (e). 
Our review, in this case, is of that determination.

 Finally, the Department urges that the county court possessed no discretion to apply
its own licensing criteria to the case at hand. We agree. To the extent the trial court did
so, we conclude the county court did not analyze or apply the law correctly, and, thus,
abused its discretion. City of Dallas v. Vanesko, 189 S.W.3d 769, 771 (Tex. 2006) (citing
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (concluding that a
trial court abuses its discretion when it "clearly fails to analyze or apply the law correctly").

 Manwell was charged with a Class B misdemeanor, a charge for which the
Department may suspend his concealed handgun license. The Department established
the charge by a preponderance of the evidence. The county court erred in ordering the
suspension overruled. We sustain the Department's sole issue.

IV. Conclusion

 We reverse the judgment of the county court and render judgment affirming the
Department's suspension of Manwell's license to carry a concealed handgun pending
resolution of the criminal charge against him.

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed this

18th day of October, 2007.