TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Stephen Earl MANWELL, Appellee.

No. 13-06-374-CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Oct. 18, 2007.

Steve F. Moninger, Attorney At Law, Austin, TX, for appellant.

Stephen Earl Manwell, McAllen, McAllen, TX, pro se.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

The Texas Department of Public Safety (the Department) appeals a judgment of the county court-at-law that overruled the Department's decision to suspend the concealed handgun license of appellee, Stephen Earl Manwell. By a single issue, the Department claims the trial court failed to analyze or apply the law correctly. We reverse and render.

## I. Background

The Department suspended Manwell's concealed handgun license on the ground that he was charged with the Class B misdemeanor offense of Driving While Intoxicated (DWI). *See* TEX. GOV'T CODE ANN. § 411.187(a)(1) (Vernon 2005) (providing that a concealed handgun license may be suspended if the holder is charged with, among other things, a Class B misdemeanor); TEX. PENAL CODE ANN. § 49.04 (Vernon 2003) (providing that a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place, and that the first DWI offense is a Class B misdemeanor with a minimum 72 hour term of confinement). Manwell requested a hearing on the decision before a justice of the peace. *See* TEX. GOV'T CODE ANN. § 411.180(a)-(c) (Vernon 2005). The justice court overruled the Department's suspension of Manwell's license. The Department appealed to the county court. *See id.* § 411.180(e). At the hearing, Manwell acknowledged that he was charged with a Class B misdemeanor. Nonetheless, after considering the case *de novo*, the county court overruled the suspension of Manwell's concealed handgun license, explaining that the ruling was "based on the fact that the allegations against Manwell and his Class B charge are still pending." The county court's written order provided as follows:

> After considering the testimony and evidence presented, the Court finds that the Department's suspension of the Licensee's license to carry a concealed handgun is NOT supported by a preponderance of the evidence and that the Department's petition should be DENIED.

The Department perfected its appeal to this Court, requested findings of fact and conclusions of law, and filed a notice of late findings and conclusions. No findings of fact or conclusions of law appear in the appellate record.

## II. Applicable Law and Standard of Review

"A license may be suspended ... if the license holder ... is charged with the commission of a ... Class B misdemeanor ... under an information or indictment." TEX. GOV'T CODE ANN. § 411.187(a)(1) (Vernon 2005). Under section 411.180(c) and (e), the suspension of a concealed handgun license must be supported at the court hear-

ing by a preponderance of the evidence. *See* TEX. GOV'T CODE ANN. § 411.180(c),(e) (Vernon 2005); *Satterfield v. Tex. Dep't of Pub. Safety,* 221 S.W.3d 909, 913 (Tex. App.-Beaumont 2007, no pet.); *see also* BLACK'S LAW DICTIONARY 991–92 (8th ED. 2005) (defining "preponderance of the evidence" as "[t]he greater weight of evidence, not necessarily established ... by evidence that has the most convincing force"). Section 411.180 places the burden of proof at the hearing on the Department to support the suspension of the license. *See Satterfield,* 221 S.W.3d at 913. Pursuant to section 411.180, subsections (c) and (e), if the court, after receiving evidence, determines that the suspension is supported by a preponderance of the evidence, the court shall affirm the suspension. *See* TEX. GOV'T CODE ANN. § 411.180(c),(e) (Vernon 2005); *Satterfield,* 221 S.W.3d at 913.

Whether the Department's decision is supported by a preponderance of the evidence is a question of law. *See Tex. Dep't of Pub. Safety v. Butler,* 110 S.W.3d 673, 675 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Thus, we review the county court's judgment *de novo. See Tex. Dep't of Pub. Safety v. Struve,* 79 S.W.3d 796, 800 (Tex.App.-Corpus Christi, 2002, pet. denied).

### III. Analysis

■ By a single issue, the Department contends that the county court failed to analyze or apply the law correctly when it overruled the Department's suspension of Manwell's concealed handgun license. The Department asserts that the county court erred in overruling its suspension of Manwell's concealed handgun license because the Department met its burden of establishing by a preponderance of the evidence that Manwell's license should be suspended. We agree.

The Department suspended Manwell's license because he had been charged with a Class B misdemeanor. Section 411.187(a)(1) of the government code provides that the Department may do so. *See* TEX. GOV'T CODE ANN. § 411.187(a)(1) (Vernon 2005). At the hearing before the county court, Manwell admitted that the charge was pending. No conflicting evidence appears in the record. Thus, the preponderance of the evidence in the record supports the suspension.

The Department also contends that when a licensee is charged with a disqualifying offense, including a Class B misdemeanor as in this case, the Department's determination of whether to suspend the license is essentially a ministerial task and not a discretionary one. *See* TEX. GOV'T CODE ANN. §§ 311.016(1), 411.187(a)(1) (Vernon 2005). We need not reach this contention, however, because, as directed by statute, the county court, in a trial *de novo,* "shall determine if the ... suspension is supported by a preponderance of the evidence," and "shall affirm the ... suspension if the court determines that ... suspension is supported by a preponderance of the evidence." *See id.* § 411.180(c), (e). Our review, in this case, is of that determination.

■ Finally, the Department urges that the county court possessed no discretion to apply its own licensing criteria to the case at hand. We agree. To the extent the trial court did so, we conclude the county court did not analyze or apply the law correctly, and, thus, abused its discretion. *City of Dallas v. Vanesko,* 189 S.W.3d 769, 771 (Tex.2006) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)) (orig.proceeding) (concluding that a trial court abuses its discretion when it "clearly fails to analyze or apply the law correctly").

Manwell was charged with a Class B misdemeanor, a charge for which the De-

partment may suspend his concealed handgun license. The Department established the charge by a preponderance of the evidence. The county court erred in ordering the suspension overruled. We sustain the Department's sole issue.

### IV. Conclusion

We reverse the judgment of the county court and render judgment affirming the Department's suspension of Manwell's license to carry a concealed handgun pending resolution of the criminal charge against him.