COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | § | No. 08-07-00099-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | Count Court at Law No. 2 |
| | § | |
| | | of Bexar County, Texas |
| CHRISTINA FRANCES TORREY, | § | |
| | | (TC# 321149) |
| Appellee. | § | |

## O P I N I O N

This is an appeal from a decision of County Court at Law No. 2 from Bexar County overturning a decision of the Texas Department of Public Safety ("DPS") suspending Ms. Torrey's concealed handgun license. We reverse and render.

On February 25, 2006, Ms. Torrey was charged with a Class B misdemeanor offense of driving while intoxicated. DPS notified Ms. Torrey of their intention to suspend her license. Ms. Torrey requested a hearing on the suspension. Ms. Torrey won the appeal of her suspension in justice court arguing that DPS failed to follow the proper notice requirements. DPS appealed the justice court's decision to the county court at law. The county court at law ruled in favor of Ms. Torrey stating the law is unconstitutional. The judge stated:

> Just because a person is charged with an offense does not mean they're guilty of it. And while the charge is pending, I don't think -- I think the State would be better off waiting for the conviction and then doing the license revocation. This person could be found not guilty and then you'd be withdrawing their license wrongly, and I don't think that's right either. I mean, you need to find out what's going to happen with this case before you actually do -- do it.

.        .        .

It's a matter of constitutional fundamental rights.

The judge overturned the suspension based on the fact that their was no final conviction of the charge. DPS requested findings of fact and conclusions of law, and filed a notice of late findings of fact and conclusions of law, which to this date have not been prepared.

DPS raises one issue on appeal, arguing that the trial court failed to analyze or apply the law correctly in overruling DPS' suspension of the concealed handgun license.

A concealed handgun license may be suspended if the license holder is charged with the commission of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal Code, or of a felony under an information or indictment. TEX.GOV'T CODE ANN. § 411.187(a)(1)(Vernon 2005). At a properly requested hearing on the suspension of a license:

> The justice court shall determine if the denial, revocation, or suspension is supported by a preponderance of the evidence. Both the applicant or license holder and the department may present evidence. The court shall affirm the denial, revocation, or suspension if the court determines that denial, revocation, or suspension is supported by a preponderance of the evidence. If the court determines that the denial, revocation, or suspension is not supported by a preponderance of the evidence, the court shall order the department to immediately issue or return the license to the applicant or license holder.

TEX.GOV'T CODE ANN. § 411.180(c).

The party adversely affected by the court's ruling may appeal to the county court at law in the county, and such trial on appeal will be conducted *de novo* without a jury. TEX.GOV'T CODE ANN. § 411.180(e). Whether DPS' decisions is supported by a preponderance of the evidence is a question of law. *See Tex. Dep't of Pub. Safety v. Manwell*, 236 S.W.3d 905, 907 (Tex.App.-- Corpus Christi 2007, no pet.). Thus, we review the county court's judgment *de novo*. *Id*.

DPS argues the trial court clearly failed to analyze or apply the law correctly. We agree.

It was undisputed that there was a Class B misdemeanor charge against Ms. Torrey, which is an offense for which a concealed handgun license may be suspended. TEX.GOV'T CODE ANN. § 411.187(a)(1). While the trial court reversed the suspension since there was no final conviction, a trial court has no discretion in determining what the law is or applying the law to the facts. *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 308 (Tex. 2006). DPS met its burden of proof with the undisputed pending Class B misdemeanor. The trial court's erroneous legal conclusion was an abuse of discretion. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). DPS' sole issue is sustained.

Having sustained Appellant's sole issue, we reverse the judgment of the trial court and render judgment affirming DPS' suspension of Ms. Torrey's concealed handgun license pending the resolution of the charges against her.


March 19, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., Not Participating

-3-