COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




TEXAS DEPARTMENT OF PUBLIC
SAFETY,


 Appellant,


v.



CHRISTINA FRANCES TORREY, 


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00099-CV



Appeal from the


Count Court at Law No. 2


of Bexar County, Texas 


(TC# 321149) 



O P I N I O N


 This is an appeal from a decision of County Court at Law No. 2 from Bexar County
overturning a decision of the Texas Department of Public Safety ("DPS") suspending
Ms. Torrey's concealed handgun license. We reverse and render.

 On February 25, 2006, Ms. Torrey was charged with a Class B misdemeanor offense of
driving while intoxicated. DPS notified Ms. Torrey of their intention to suspend her license. 
Ms. Torrey requested a hearing on the suspension. Ms. Torrey won the appeal of her suspension
in justice court arguing that DPS failed to follow the proper notice requirements. DPS appealed
the justice court's decision to the county court at law. The county court at law ruled in favor of
Ms. Torrey stating the law is unconstitutional. The judge stated:

 Just because a person is charged with an offense does not mean they're guilty of
it. And while the charge is pending, I don't think -- I think the State would be
better off waiting for the conviction and then doing the license revocation. This
person could be found not guilty and then you'd be withdrawing their license
wrongly, and I don't think that's right either. I mean, you need to find out what's
going to happen with this case before you actually do -- do it.

. . .



 It's a matter of constitutional fundamental rights.


The judge overturned the suspension based on the fact that their was no final conviction of the
charge. DPS requested findings of fact and conclusions of law, and filed a notice of late findings
of fact and conclusions of law, which to this date have not been prepared.

 DPS raises one issue on appeal, arguing that the trial court failed to analyze or apply the
law correctly in overruling DPS' suspension of the concealed handgun license.

 A concealed handgun license may be suspended if the license holder is charged with the
commission of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal
Code, or of a felony under an information or indictment. Tex.Gov't Code Ann.
§ 411.187(a)(1)(Vernon 2005). At a properly requested hearing on the suspension of a license:

 The justice court shall determine if the denial, revocation, or suspension is
supported by a preponderance of the evidence. Both the applicant or license
holder and the department may present evidence. The court shall affirm the
denial, revocation, or suspension if the court determines that denial, revocation, or
suspension is supported by a preponderance of the evidence. If the court
determines that the denial, revocation, or suspension is not supported by a
preponderance of the evidence, the court shall order the department to
immediately issue or return the license to the applicant or license holder.


Tex.Gov't Code Ann. § 411.180(c).

 The party adversely affected by the court's ruling may appeal to the county court at law in
the county, and such trial on appeal will be conducted de novo without a jury. Tex.Gov't Code
Ann. § 411.180(e). Whether DPS' decisions is supported by a preponderance of the evidence is
a question of law. See Tex. Dep't of Pub. Safety v. Manwell, 236 S.W.3d 905, 907 (Tex.App.--Corpus Christi 2007, no pet.). Thus, we review the county court's judgment de novo. Id.

 DPS argues the trial court clearly failed to analyze or apply the law correctly. We agree. 
It was undisputed that there was a Class B misdemeanor charge against Ms. Torrey, which is an
offense for which a concealed handgun license may be suspended. Tex.Gov't Code Ann.
§ 411.187(a)(1). While the trial court reversed the suspension since there was no final
conviction, a trial court has no discretion in determining what the law is or applying the law to
the facts. Meyer v. WMCO-GP, LLC, 211 S.W.3d 302, 308 (Tex. 2006). DPS met its burden of
proof with the undisputed pending Class B misdemeanor. The trial court's erroneous legal
conclusion was an abuse of discretion. See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). 
DPS' sole issue is sustained.

 Having sustained Appellant's sole issue, we reverse the judgment of the trial court and
render judgment affirming DPS' suspension of Ms. Torrey's concealed handgun license pending
the resolution of the charges against her.



March 19, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., Not Participating