

# NUMBER 13-17-00207-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                              Appellant,

**v.**

VERNON ANTHONY LUCICH,                                                      Appellee.

## On appeal from the County Court at Law No. 5
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Valdez[1]
Memorandum Opinion by Justice Valdez**

---

[1] Retired Thirteenth Court of Appeals Chief Justice Rogelio Valdez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (West, Westlaw through 2017 1st C.S.).

By one issue, appellant the Texas Department of Public Safety (the Department) contends that the trial court improperly overruled the Department's denial of an application for a license to carry a handgun filed by appellee, Vernon Anthony Lucich. We reverse and render.

## I.     STANDARD OF REVIEW AND APPLICABLE LAW

On appeal, we determine as a question of law whether the Department's decision to deny an application for a handgun license is supported by a preponderance of the evidence.  *Tex. Dep't of Pub. Safety v. Manwell*, 236 S.W.3d 905, 907 (Tex. App.—Corpus Christi 2007, no pet.).  We perform a de novo review of a trial court's judgment overruling the Department's decision to deny an application.  *Id.*

An applicant seeking a license to carry a handgun in Texas may submit a completed application to the Department.  TEX. GOV'T CODE ANN. § 411.174 (West, Westlaw through 2017 1st C.S.).  If the Department denies the application, the applicant may request a hearing that shall be scheduled in the appropriate justice court in the applicant's county of residence.  *Id.* § 411.180 (West, Westlaw through 2017 1st C.S.). The justice court will then determine if the denial is supported by a preponderance of the evidence at a hearing where the Department and the applicant can present evidence.  *Id.* "If the court determines that the denial . . . is not supported by a preponderance of the evidence, the court shall order the [D]epartment to immediately issue . . . the license to the applicant or license holder." *Id.*  The Department may then appeal that ruling by filing a petition in the county court at law in the county where the applicant resides for a trial de novo without a jury.  *Id.*

2

To be eligible for a license to carry a handgun, an applicant "must be fully qualified under applicable federal and state law to purchase a handgun." *Id.* § 411.172(9) (West, Westlaw through 2017 1st C.S.). Federal law prohibits any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess a firearm. 18 U.S.C.A. § 922(g)(9) (West, Westlaw through P.L. 115–281); *see Voisine v. United States*, 136 S. Ct. 2272, 2274 (2016) ("Congress extended the federal prohibition on firearms possession by convicted felons to persons convicted of a 'misdemeanor crime of domestic violence . . . .'"). A misdemeanor crime of domestic violence is an offense that

> (i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C.A. § 921(a)(33)(A) (West, Westlaw through P.L. 115–281). However, the applicant need not have been convicted of an offense which specified the relationship between the applicant and the victim as a discrete element of the crime. *United States v. Hayes*, 555 U.S. 415, 418 (2009) (construing the phrase "misdemeanor crime of domestic violence" and explaining that "to exclude the domestic abuser convicted under a generic use-of-force statute would frustrate Congress' manifest purpose" and would render the statute "a dead letter in some two-thirds of the States because in 1996, only about one-third of them had criminal statutes specifically proscribing *domestic* violence"). So long as the record shows that the applicant was convicted of a prior offense against a spouse

or former spouse, under section 922(g)(9), the applicant is prohibited from possessing a firearm. *Id.*

## II.    THE EVIDENCE

The trial court admitted evidence that in 1992, in trial cause number 91-13989, Lucich was convicted of the first-degree misdemeanor offense of battery in violation of Florida Statute section 784.03.[2]  *See* FLA. STAT. ANN. § 784.03 (West, Westlaw through 2018 R.S.).  Pursuant to section 784.03, a person commits battery when the person "actually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person."  *Id.*  Originally, Lucich was charged with sexual battery, and the indictment identified the victim of the sexual assault as Lucich's wife in the criminal report affidavit in court cause number 91-13989, which was admitted into evidence by the trial court.  The trial court admitted the Florida trial court's order correcting judgment and sentence ordering that Lucich's conviction of sexual battery be set aside and that the judgment be amended to show that Lucich was convicted of battery pursuant to section 784.03.  *See id.*  The criminal report states that "the victim identified her husband as the individual who sexually assaulted her."  During the hearing concerning his application to carry a handgun license, Lucich admitted that he was convicted of battery and that the victim was his spouse or former spouse.[3]

## III.    DISCUSSION

In the trial court, Lucich argued that the Florida battery statute did not include domestic violence as an element and that there is no evidence that the statute has been

---

[2] The trial court admitted the Department's evidence over Lucich's objection that the documents were hearsay.

[3] Lucich could not recall whether the couple had already divorced when the incident occurred.

"interpreted by Florida as being a domestic violence issue." Specifically, Lucich stated, the order "doesn't allege any family violence" or that "the victim was related."

As previously set out, the United States Congress defined a "misdemeanor crime of domestic violence" to include an offense committed by a person who had a specified domestic relationship with the victim, and the United States Supreme Court has ruled that it does not matter whether the pertinent misdemeanor statute specifically set out that domestic violence is an element of the crime. *Hayes*, 555 U.S. at 418. Thus, even though the Florida battery statute does not specify that it involves domestic abuse, it was not required to do so for purposes of section 922(g)(9). *Id.*; *see* 18 U.S.C.A. § 922(g)(9). Therefore, the trial court erred if it made its ruling on this basis.

Moreover, based upon our de novo review, we conclude that the Department proved by a preponderance of the evidence that: (1) Lucich was a current or former spouse of the victim; (2) Lucich was convicted of a first-degree misdemeanor offense; and (3) one element of the offense Lucich committed is the use or attempted use of physical force. *See* 18 U.S.C.A. § 921(a)(33)(A) (setting out disqualification elements); FLA. STAT. ANN. § 784.03; *see also United States v. Castleman*, 572 U.S. 157, 161 (2014) (construing the meaning of the phrase "the use of physical force" to include "the degree of force that supports a common-law battery conviction" and holding "that Congress incorporated the common-law meaning of 'force'—namely, offensive touching—in § 921(a)(33)(A)'s definition of a 'misdemeanor crime of domestic violence'"). Therefore, the trial court erred in determining that the Department's denial of Lucich's firearm license was not supported by a preponderance of the evidence. *See* TEX. GOV'T CODE ANN. §

411.172(9) (requiring that the applicant be qualified to possess a firearm under federal law). Accordingly, we sustain the Department's sole issue.

## IV. CONCLUSION

We reverse the trial court's judgment and render a judgment denying Lucich's application for a license to carry a handgun.

ROGELIO VALDEZ,
Justice

Delivered and filed the
14th day of February, 2019.